UNITED STATES, Appellee

v

THOMAS A. ZILKE, Private, U. S. Army, Appellant

16 USCMA 534, 37 CMR 154

No. 19,785

March 3, 1967

*Captain Gerald F. Richman* argued the cause for Appellant, Accused. With him on the brief were *Colonel Daniel T. Ghent* and *Major David J. Passamaneck.*

*Captain Harvey L. Anderson* argued the cause for Appellee, United States. With him on the brief were *Colonel Peter S. Wondolowski, Lieu-*

*tenant Colonel David Rarick, Lieutenant Colonel Francis M. Cooper,* and *Major John F. Webb, Jr.*

## Opinion of the Court

KILDAY, Judge:

Appellant was arraigned before a general court-martial convened at Fort Benning, Georgia, charged with absence without leave, disobedience of a lawful order of a second lieutenant, larceny of identification cards, falsification of identification cards and sale of same, in violation of Articles 86, 90, 121, 123 and 134, Uniform Code of Military Justice, 10 USC §§ 886, 890, 921, 923 and 934, respectively. He pleaded guilty as charged and was sentenced to a bad-conduct discharge, total forfeitures, and confinement at hard labor for two years. Intermediate appellate authorities affirmed the findings and sentence without modification.

This Court granted review to determine whether the appellant was prejudiced by (1) the improper and unnecessary inclusion of the words "dropped from rolls" in the specifications and (2) the failure of the law officer to instruct the court to disregard said words since they implied uncharged misconduct.

In each of the specifications alleging the commission of an offense by the appellant, he is identified as being a member of the "U. S. Army, Special Processing Detachment (Dropped From Rolls)." Counsel allege that the inclusion of the words set forth in parentheses in the above-quoted unit designation indicates that an administrative determination had previously been made that the appellant was a deserter from the armed forces and should be treated as such. Absent an instruction by the law officer that the members of the court-martial were to disregard and not consider these words as implying uncharged misconduct, counsel aver that the appellant was prejudiced since the court was thereby allowed to consider any of the usual bases for desertion and impute them to the appellant. Prejudice is especially present in a case where, as here, one is charged with a lengthy period of unauthorized absence.

We agree with appellate defense counsel that error is present by reason of the inclusion of the complained-of words and we are not persuaded to the contrary by the Government's argument that Army officers would know that an unauthorized absentee is dropped from the rolls administratively after twenty-nine days, thus removing any inference of desertion. Had this been set forth in a prosecution exhibit we would be similarly disposed to consider it as error, even though it was part of an official document. United States v Hall, 10 USCMA 136, 27 CMR 210; United States v Schaible, 11 USCMA 107, 28 CMR 331. See also United States v Grundig, 35 CMR 842, 850. The parenthetical designation (dropped from rolls) is *not* a part of the official designation of the unit (AR 220–5, paragraph 8(b), July 10, 1958), and its inclusion in the specification was completely unnecessary. The Government agrees that the better practice would have been to omit the phrase from appellant's unit designation and calls our attention to United States v Hughes, CM 414448, BR No. 1 (October 20, 1966), where, in a similar case, the board of review, without success, attempted to determine the reason therefor. Its use in courts-martial should be discontinued.

The question of prejudice, however, is another matter. The appellant pleaded guilty to all charges and specifications and the law officer determined, through questioning of the appellant in an out-of-court hearing, that the pleas were provident. In such circumstances the error could have no impact on findings. United States v Browder, 15 USCMA 466, 35 CMR 438. With reference to the sentence, we note that the maximum imposable punishment for the offenses

**535**

charged against the appellant was dishonorable discharge, total forfeitures, and confinement at hard labor for twelve years. Under the circumstances, we perceive no fair risk that the members imposed a harsher sentence than they otherwise would have.

The decision of the board of review is affirmed.

Chief Judge QUINN and Judge FERGUSON concur.