UNITED STATES, Appellee

v

BARRY C. MARINE, Corporal, U. S. Marine Corps,
Appellant

17 USCMA 460, 38 CMR 258

No. 20,593

April 5, 1968

*Lieutenant Robert F. Baldwin,* USNR, argued the cause for Appellant, Accused.

*Commander Walter F. Brown,* USN, argued the cause for Appellee, United States. With him on the brief was *Lieutenant Colonel C. R. Larouche,* USMC.

## Opinion of the Court

FERGUSON, Judge:

Tried by general court-martial, the accused pleaded guilty to three specifications of wrongful sale of marihuana and four specifications of wrongful possession of marihuana, all in violation of Uniform Code of Military Justice, Article 134, 10 USC § 934. He was sentenced to bad-conduct discharge, forfeiture of all pay and allowances, confinement at hard labor for three years, and reduction. The convening authority reduced the confinement imposed to twelve months, but otherwise approved the sentence. The board of review affirmed, and this Court granted accused's petition for review upon the issue:

"Whether the accused was prejudiced by the law officer's instruction that:

'The court may, however, consider the convictions on specifications 4, 5, and 6 as aggravating factors.'"

At the trial, it appeared that all four specifications alleging possession of marihuana were in fact based on the same possession of the drug in bulk, but had been divided by the pleader into separate counts. All parties to the trial, on the facts presented, agreed the four counts alleged were multiplicious. Accordingly, the law officer advised the court as follows:

"There is multiplicity involved. Specification 4, 5, 6 and 7 are multiplicious. We will consider that specification 7 is the more serious because the larger quantity of marijuana was involved, so for purposes of punish-

460

ment, specification 4, 5, 6 merge with 7. The court can punish the accused for only one of these 4 offenses, that is specification number 7. *The court may, however, consider the convictions on specifications 4, 5, and 6 as aggravating factors.* [The law officer thereafter stated the proper maximum sentence.]" [Emphasis supplied.]

The Government urges the emphasized portion of the instruction is legally correct on the basis of our decision in United States v Posnick, 8 USCMA 201, 24 CMR 11, wherein we held the offenses of unauthorized absence and missing movement during that absence to be multiplicious, and remarked, at page 203:

"Logically every missing movement offense includes an unauthorized absence plus other factors. These additional factors are circumstances that aggravate the offense of unauthorized absence. In these cases the unit, ship, or aircraft, is moving and the accused has knowledge of this movement. The offense can be further aggravated by the subjective cause of the accused's absence— neglect or design. The fact that the absences are alleged in terms of a different span of time is not important if the absence alleged is one unit. *Duration* of an unauthorized absence is an aggravating circumstance but is not itself an element though in the case of an Article 86, supra, violation, the punishment depends on the aggravating factor and must be alleged and proved. . . . The offense is the absence, not the duration."

The Government argument lifts the quoted language from context and misapprehends its meaning. In *Posnick*, supra, the accused was charged both with absence without leave and missing the movement of his vessel during that absence. We held these offenses to be multiplicious, as one was included in the other. It was in discussing this point that we referred to the inclusion of an unauthorized absence in every case of missing movement and pointed out that the ostensible distinction of *length* of absence was in reality not an element of the offense at all but merely an aggravating factor which must be alleged, proven, and found. United States v Emerson, 1 USCMA 43, 1 CMR 43; United States v Lovell, 7 USCMA 445, 22 CMR 235. As noted above, we said, "The offense is the absence, not the duration." *Id.*, at page 204. The real holding in *Posnick*, supra, as in all our other multiplicity cases, is summed up by our statement therein, at page 203, that "a man may be punished only once for the same offense regardless of how that offense is labeled." See also United States v Rosen, 9 USCMA 175, 25 CMR 437.

It is precisely this principle which the instruction now under consideration violates. It is undoubtedly true that, where an individual is charged both with missing the movement of his vessel and a week's absence without leave, a court, though the maximum punishment be limited to that for missing movement, may take into consideration the *fact* that accused not only missed his vessel but also that he remained absent from the naval service for a week. It may be safely ventured that a court can likewise consider the *fact* of the length of absence when the offense itself is multiplicious with disobedience of a straggler order. Circumstances in aggravation are as properly made known to the sentencing body as those in extenuation and mitigation. Cf. United States v Wheeler, 17 USCMA 274, 38 CMR 72; Manual for Courts-Martial, United States, 1951, paragraph 75b(3). It is, however, quite another matter to say that one's possession of marihuana—a single crime—may be broken by the pleader's ingenuity into four counts and the court told that convictions based on such separate pleadings may be considered as matters in aggravation of guilt, when in fact there was but a single crime for which there could be but a single punishment. That is precisely what the instruction under consideration does. Having told the court that the counts were multiplicious and, in reality, alleged but one offense, the law officer nullified that advice by informing the court it could nevertheless consider the separate allegations as in-

**461**

dicating the accused was deserving of more severe treatment. Cf. United States v Noe, 7 USCMA 408, 22 CMR 198. In short, it permitted Marine's punishment to be based on the manner in which a single crime was alleged rather than whether the specifications were in fact separately punishable. Compare United States v Posnick, supra, and United States v Rosen, supra.

We conclude, therefore, that the instruction was erroneous and, under the circumstances, prejudicially so. Aggravation of an offense depends upon the facts and not upon the ability of the author of the charges to divide one crime into four or more ostensibly separate parts. Yet, the court was here permitted so to view the matter of punishment, and we believe appropriate reassessment of the sentence is required. Cf. United States v Vogel, 17 USCMA 198, 37 CMR 462. An accused may be punished but once for his offense, no matter how varied or numerous the form of its allegation may be.

The decision of the board of review is reversed, and the record of trial is returned to the Judge Advocate General of the Navy. The board may appropriately reassess the sentence or order a rehearing thereon.

Judge KILDAY concurs.

QUINN, Chief Judge (dissenting):

The challenged instructions do not authorize punishment in excess of that allowed by law, either directly or indirectly. They expressly limit the punishment for the several acts to the legal maximum for a single offense. To that extent they are unimpeachable. The narrow question then is whether it is illegal to allow the court members to consider, as an aggravating circumstance, the fact that the accused's offense was composed of several misdeeds. Multiple acts of misconduct committed over a period of time may be charged as a single offense. See United States v Aloyian, 16 USCMA 333, 36 CMR 489. In my opinion, such repeated misconduct is more indicative of a hardened defiance of the law than a single misdeed. Repeated thefts by a custodian of a fund, for example, may, depending upon the circumstances, be a more aggravated breach of trust than a single, isolated taking. In my view, therefore, the sentence instructions were correct.

Assuming the instructions are erroneous, as the majority hold, they are not, in my opinion, prejudicial. The separate offenses for which the accused was convicted made him liable to confinement at hard labor for twenty years and a dishonorable discharge. The court-martial imposed a bad-conduct discharge and confinement at hard labor for three years. The substantial difference between the authorized maximum and the sentence imposed demonstrates to me that the court members were not influenced by the allegedly erroneous instructions. United States v Helfrick, 9 USCMA 221, 25 CMR 483; United States v Zilke, 16 USCMA 534, 37 CMR 154.

I would affirm the decision of the board of review.