UNITED STATES, Appellee

v

ROBERT L. MOSLEY, Private,
U. S. Army, Appellant

20 USCMA 185, 43 CMR 25

No. 23,429

December 4, 1970

*Colonel Daniel T. Ghent, Captain Howard L. Kaplus*, and *Captain Ira J. Dembrow* were on the pleadings for Appellant, Accused.

*Captain Benjamin G. Porter* and *Captain Thomas W. Phillips* were on the pleadings for Appellee, United States.

## Opinion of the Court

FERGUSON, Judge:

In this case, as in United States v Bowman, 20 USCMA 119, 42 CMR 311 (1970), and United States v Goodin, 20 USCMA 160, 42 CMR 352 (1970), the military judge, in his attempt to comply with the requirements laid down by this Court in United States v Donohew, 18 USCMA 149, 39 CMR 149 (1969), accepted from defense counsel a written form (Appellate Exhibit 1),[1] initialed and signed by the accused, which described the accused's rights to counsel as provided by Article 38 (b), Uniform Code of Military Justice, 10 USC § 838. The judge ascertained from defense counsel that he had personally informed the accused in accordance with the data set forth therein and from the accused that he had read, understood, and signed the form. He did not personally question the accused, as required by *Donohew,* relative to his knowledge of "each of the elements of Article 38(b), as well as his understanding of his entitlement thereunder." (*Donohew,* supra, at page 152.) His failure to do so is reversible error. United States v Bowman and United States v Goodin, both supra. See also United States v Fortier, 19 USCMA 149, 41 CMR 149 (1969); United States v Scott, 19 USCMA 383, 41 CMR 383 (1970); United States v Carter, 20 USCMA 146, 42 CMR 338 (1970). As we said in United States v Bowman, supra, at page 122:

> "The exhibit is helpful in demonstrating that the accused was advised by his attorney prior to trial concerning his entitlement to counsel. But that was the law in force at the time of *Donohew.* The exhibit should not and cannot be a substitute for the in-court, on-the-record advice and determination of understanding and choice to be made by the law officer in all cases tried thirty days after March 7, 1969, the date of the *Donohew* opinion."

[1] See Appendix.

The decision of the Court of Military Review is reversed. The record of trial is returned to the Judge Advocate General of the Army. A rehearing may be ordered.

## APPENDIX

### "RIGHTS TO COUNSEL UNDER ARTICLE 38(b), UNIFORM CODE OF MILITARY JUSTICE

I am Robert L. Mosely, the accused
(Name)
in a case which has been referred to trial by General court-martial. I acknowledge that I have been informed by Cpt Bush that I have the following rights:

INITIALS

1. I have the right to be represented at trial by a civilian lawyer, if I hire and pay him or otherwise engage him to represent me.     RLM

2. I have the right to be represented at trial by a military lawyer free of charge; by my detailed defense counsel, or by a military lawyer of my own selection, if reasonably available. My detailed defense counsel will assist me in requesting the latter, if I desire.     RLM

3. If I desire, my detailed defense counsel may continue to act as associate counsel with my civilian lawyer or requested military lawyer.     RLM

/s/ Robert L. Mosley

(Signature of accused; Date)

I certify that on 3 October, 1969 I have advised the above named accused of the above-mentioned rights.

/s/ W. Joe Bush

(Signature of detailed counsel; Date)
HFL Form 1035
6 May 69

APPELLATE EXHIBIT 1."

Judge DARDEN concurs.

QUINN, Chief Judge (dissenting):

I would affirm the decision of the United States Army Court of Military Review. See my dissent in United States v Bowman, 20 USCMA 119, 42 CMR 311 (1970).