UNITED STATES, Appellee

v

MARTIN ALFRED JOHNSON, Electrician's Mate Second Class, U. S. Navy, Appellant

20 USCMA 290, 43 CMR 130

No. 23,598

January 22, 1971

*Lieutenant George F. McGunnigle, Jr.,* JAGC, USNR, was on the pleadings for Appellant, Accused.

*Commander Michael F. Fasanaro, Jr.,* JAGC, USN, was on the pleadings for Appellee, United States.

### Opinion of the Court

FERGUSON, Julge:

In this case, the military judge, in his efforts to comply with the requirements laid down by this Court in United States v Donohew, 18 USCMA 149, 39 CMR 149 (1969), asked defense counsel whether *he* had "explained to the accused his rights concerning counsel." Upon receiving an affirmative reply, he requested counsel to state the nature of this advice. Thereafter, the military judge did not *personally* question the accused, as required by *Donohew,* relative to his knowledge of "each of the elements of Article 38(b), as well as his understanding of his entitlement thereunder." *Donohew,* supra, at page 152. His failure to do so is reversible error. United States v Bowman, 20 USCMA 119, 42 CMR 311 (1970); United States v Goodin, 20 USCMA 160, 42 CMR 352 (1970);

United States v Mosley, 20 USCMA 185, 43 CMR 25 (1970). See also United States v Fortier, 19 USCMA 149, 41 CMR 149 (1969); United States v Scott, 19 USCMA 383, 41 CMR 383 (1970); United States v Carter, 20 USCMA 146, 42 CMR 338 (1970).

We find no fault with the extent of the advice given the accused by defense counsel and note that it was similar in content to that contained on the written form utilized for this purpose in *Bowman, Goodin,* and *Mosley,* all supra. But as we said of the form in *Bowman,* at page 122:

"The exhibit is helpful in demonstrating that the accused was advised by his attorney prior to trial concerning his entitlement to counsel. But that was the law in force at the time of *Donohew.* The exhibit should not and cannot be a substitute for the in-court, on-the-record advice and determination of understanding and choice to be made by the law officer in all cases tried thirty days after March 7, 1969, the date of the *Donohew* opinion."

The decision of the Court of Military Review is reversed. The record of trial is returned to the Judge Advocate General of the Navy. A rehearing may be ordered.

Judge DARDEN concurs.

QUINN, Chief Judge (dissenting):

I would affirm for the reasons set out in my dissent in United States v Bowman, 20 USCMA 119, 42 CMR 311 (1970), and United States v Carter, 20 USCMA 146, 42 CMR 338 (1970).