UNITED STATES, Appellee

v

DANIEL LEROY WAGNER, Private First Class,
U. S. Marine Corps, Appellant

20 USCMA 315, 43 CMR 155

No. 23,422

January 29, 1971

*Captain R. O. Kellam,* JAGC, USN, *Lieutenant Scott M. Feldman,* JAGC, USNR, and *Lieutenant Donald B. Brant, Jr.,* JAGC, USNR, were on the pleadings for Appellant, Accused.

*Lieutenant Colonel Charles J. Keever,* USMC, *Commander Michael F. Fasanaro, Jr.,* JAGC, USN, and *Lieutenant Thomas J. Donegan, Jr.,* JAGC, USNR, were on the pleadings for Appellee, United States.

FERGUSON, Judge:

In this case, the military judge, in his efforts to comply with the requirements laid down by this Court in United States v Donohew, 18 USCMA 149, 39 CMR 149 (1969), asked defense counsel whether *he* had "explained to the accused his rights concerning counsel prior to entering the courtroom?" Upon receiving an affirmative reply, he requested counsel to state the nature of this advice. Thereafter, the military judge did not *personally* question the accused, as required by *Donohew*, relative to his knowledge of "each of the elements of Article 38(b), as well as his understanding of his entitlement thereunder." *Donohew*, supra, at page 152. His failure to do so is reversible error. United States v Bowman, 20 USCMA 119, 42 CMR 311 (1970); United States v Goodin, 20 USCMA 160, 42 CMR 352 (1970); United States v Mosley, 20 USCMA 185, 43 CMR 25 (1970); United States v Johnson, 20 USCMA 290, 43 CMR 130 (1971).[1] See also United States v Fortier, 19 USCMA 149, 41 CMR 149 (1969); United States v Scott, 19 USCMA 383, 41 CMR 383 (1970); United States v Carter, 20 USCMA 146, 42 CMR 338 (1970).

We find no fault with the extent of the advice given the accused by defense counsel and note that it was similar in content to that contained on the written form utilized for this purpose in *Bowman, Goodin,* and *Mosley,* all supra. But as we said of the form in *Bowman,* at page 122:

"The exhibit is helpful in demonstrating that the accused was advised by his attorney prior to trial concerning his entitlement to counsel. But that was the law in force at the time of *Donohew*. The exhibit should not and cannot be a substitute for the in-court, on-the-record advice and determination of understanding and choice to be made by the law officer in all cases tried thirty days after March 7, 1969, the date of the *Donohew* opinion."

Since a rehearing on the merits is required, we need not decide the question raised by appellate defense counsel whether the military judge erroneously denied the challenge for cause against him. It should not recur at the retrial.

The only remaining question is whether the military judge failed to find that the accused, by pleading guilty, knowingly, consciously, and intelligently waived certain rights under the Constitution, which would have been afforded to him in the event of a not guilty plea. The issue is governed by this Court's opinion in United States v Palos, 20 USCMA 104, 42 CMR 296 (1970). While I dissented in *Palos*, I now concur in that holding since it is the law of this Court.

The decision of the Court of Military Review is reversed. The record of trial is returned to the Judge Advocate General of the Navy. A rehearing may be ordered.

Judge DARDEN concurs.

QUINN, Chief Judge (dissenting):

I find no error justifying reversal. See my dissent in United States v Bowman, 20 USCMA 119, 42 CMR 311 (1970), on the first point; Singer v United States, 380 US 24, 13 L Ed 2d 630, 85 S Ct 783 (1965), on the second; and United States v Palos, 20 USCMA 104, 42 CMR 296 (1970), on the third. I would, therefore, affirm the decision of the Court of Military Review.

---

[1] It should be noted that this issue was presented in an identical fashion in *Johnson,* which case was also tried at Great Lakes, Illinois, and involved the same military judge and the same counsel.