UNITED STATES, Appellee

v

NORMAN T. WOODALL, Specialist Four, U. S. Army, Appellant

20 USCMA 454, 43 CMR 294

No. 23,812

April 2, 1971

*Colonel George J. McCartin, Jr., Captain Norman L. Blumenfeld,* and *Captain Kenneth A. Griffiths* were on the pleadings for Appellant, Accused.

*Colonel David T. Bryant, Lieutenant Colonel Ronald M. Holdaway, Captain Richard K. Bank,* and *Captain James T. Harper* were on the pleadings for Appellee, United States.

## Opinion of the Court

FERGUSON, Judge:

In this case, as in United States v Bowman, 20 USCMA 119, 42 CMR 311 (1970), the military judge, in his attempt to comply with the requirements laid down by this Court in United States v Donohew, 18 USCMA 149, 39 CMR 149 (1969), accepted from defense counsel a written form (Appellate Exhibit 1),[1] initialed and signed by the accused, which described the accused's right to counsel as provided by Article 38(b), Uniform Code of Military Justice, 10 USC § 838. The judge ascertained from defense counsel that he had personally informed the accused in accordance with the data set forth therein and from the accused that he had read, understood, and signed the form. He did not personally question the accused, as required by *Donohew,* relative to his knowledge of "each of the elements of Article 38(b), as well as his understanding of his entitlement thereunder." *Donohew,* supra, at page 152. His failure to do so is reversible error. United States v Bowman, supra; United States v Goodin, 20 USCMA 160, 42 CMR 352 (1970); United States v Mosley, 20 USCMA 185, 43 CMR 25 (1970). See also United States v Wagner, 20 USCMA 315, 43 CMR 155 (1971), and cases cited therein. As we said in United States v Bowman, supra, at page 122:

---

[1] See Appendix.

"The exhibit is helpful in demonstrating that the accused was advised by his attorney prior to trial concerning his entitlement to counsel. But that was the law in force at the time of *Donohew.* The exhibit should not and cannot be a substitute for the in-court, on-the-record advice and determination of understanding and choice to be made by the law officer in all cases tried thirty days after March 7, 1969, the date of the *Donohew* opinion."

The decision of the Court of Military Review is reversed. The record of trial is returned to the Judge Advocate General of the Army. A rehearing may be ordered.

## APPENDIX

"RIGHTS TO COUNSEL UNDER ARTICLE 38(b), UNIFORM CODE OF MILITARY JUSTICE

I am SP4 Norman Woodall, the
(Name)

accused in a case which has been referred to trial by General court-martial. I acknowledge that I have been informed by Cpt John L. Mavis
(Name of Counsel)

that I have the following rights:

INITIALS

1. I have the right to be represented at trial by a civilian lawyer, if I hire

and pay him or otherwise engage him to represent me. *N.W.*

2. I have the right to be represented at trial by a military lawyer free of charge; by my detailed defense counsel, or by a military lawyer of my own selection, if reasonably available. My detailed defense counsel will assist me in requesting the latter, if I desire. *N.W.*

3. If I desire, my detailed defense counsel may continue to act as associate counsel with my civilian lawyer or requested military lawyer. *N.W.*

/s/ *Norman T. Woodall 19 January 1970*
(Signature of accused; Date)

I certify that on 19 January, 1970

I have advised the above named accused of the above-mentioned rights.

/s/ *John L. Mavis 19 January 1970*

(Signature of detailed counsel; Date)
HFL Form 1035
6 May 69."

Judge DARDEN concurs.

QUINN, Chief Judge (dissenting):

I would affirm the decision of the Court of Military Review for the reasons set out in my dissent in United States v Bowman, 20 USCMA 119, 122, 42 CMR 311 (1970).