UNITED STATES, Appellant

v

LEROY L. MEYER, Specialist Five, U. S. Army, Appellee

21 USCMA 310, 45 CMR 84

*Captain Benjamin P. Fishburne, III*, argued the cause for Appellant, United States. With him on the brief were *Colonel David T. Bryant, Lieutenant Colonel Ronald M. Holdaway*, and *Captain Walter A. Smith, III*.

*Captain Joseph J. Aronica* argued the cause for Appellee, Accused. With him on the brief were *Colonel George J. McCartin, Jr., Lieutenant Colonel Joseph E. Donahue, Captain John D. Lanoue*, and *Captain Peter D. Pettler*.

## Opinion of the Court

QUINN, Judge:

In separate specifications, the accused was charged with possession of meprobamate, a tranquilizer, in violation of Army Regulation 600–50, dated June 29, 1966 (Charge I, specification 1), possession of a tablet containing two barbiturates in violation of the same regulation (Charge I, specification 2), wrongful possession of marihuana (Charge II, specification 1), and wrongful possession of opium (Charge II, specification 2). He pleaded guilty as charged.

Both before and at trial, the parties treated possession of the substances listed in the regulation as a single offense but deemed possession of the marihuana and opium to be separate. On review, the United States Army Court of Military Review concluded that the "simultaneous" possession of the four drugs was a single offense for the purpose of punishment. It, therefore, reassessed the sentence to "cure" any possible prejudice to the accused. Pursuant to Article 67 (b)(2), Uniform Code of Military Justice, 10 USC § 867, the Judge Advocate General of the Army asked review of the correctness of the court's decision.

A single template by which to determine in all instances whether particular misconduct is punishable as a single offense or as separate and different offenses has not been successfully designed. See United States v

Burney, 21 USCMA 71, 44 CMR 125 (1971). The problem is complicated by uncertainty as to the legislative intent in the definition of specific offenses (see Bell v United States, 349 US 81, 99 L Ed 905, 75 S Ct 620 (1955)) and by the expanding dimensions of the constitutional prohibition against double punishment for the same misconduct. See Ashe v Swenson, 397 US 436, 25 L Ed 2d 469, 90 S Ct 1189 (1970), concurring opinion by Mr. Justice Brennan. Appropriately, the Manual for Courts-Martial cautions that the "final determination" must rest upon "a study of the circumstances involved in the individual case." Manual for Courts-Martial, United States, 1969 (Revised edition), paragraph 76, page 13–12. The standard that perhaps takes account more completely than others of the facts in the individual case is the one focused on the evidence; if the evidence sufficient to prove one offense also proves the other offense, the two may not be separate for the purpose of punishment. United States v Modesett, 9 USCMA 152, 25 CMR 414 (1958); see also United States v Brown, 8 USCMA 18, 20, 23 CMR 242 (1957); United States v Littlepage, 10 USCMA 245, 27 CMR 319 (1959). We believe, therefore, that it would not advance resolution of the issue in this case to examine in detail the apparently conflicting cases that have been cited to us by the parties. Compare United

States v Butler, 20 CMR 418 (ABR 1955), petition denied, 6 USCMA 832 (1955), United States v Van Valkenberg, 42 CMR 403 (ACMR 1970), and United States v Kavic, 41 CMR 694 (ACMR 1970), with United States v Elwood, 40 CMR 851, reversed on other grounds, 19 USCMA 376, 41 CMR 376 (1970), and United States v Woodall, 43 CMR 522 (ACMR 1970), reversed on other grounds, 20 USCMA 454, 43 CMR 294 (1971).

Appellate defense counsel contend that the accused's possession of all four drugs was "simultaneous" in time and place, and their possession constitutes a single act. This unity of time and place is supported by the allegation of the several specifications. However, unity suggested by the allegations in the specifications can be dispelled by evidence that the several acts of misconduct are unrelated and discrete. United States v Helfrick, 9 USCMA 221, 25 CMR 483 (1958).

All four drugs were discovered in a search of the accused's quarters. The tranquilizers and the barbiturate tablet were found in the accused's wall locker. The tranquilizers had been obtained one or two nights before the search; the tablet had been given to the accused about a month earlier, and had been left by him in the locker. The opium was obtained from a number of smoking pipes, located in different parts of the room, some in a box, some behind the bar, and others in a dresser. The marihuana had been purchased at an undisclosed time; just before the search the accused had thrown under his bed a partially smoked cigarette containing marihuana.

For this appeal, we assume, without deciding, that separate acts of misconduct can become so connected in place, circumstances, and time as to merge into a single offense. Cf. United States v Smith, 17 USCMA 55, 62, 37 CMR 319 (1967). Here, the only fact common to each drug was that the accused retained possession of it from the time of its acquisition to the time it was discovered during the search

of his quarters. The substances themselves were never even placed in a single container. Cf. United States v Marine, 17 USCMA 460, 38 CMR 258 (1968). The evidence, therefore, compels the conclusion that the offenses were not only separate in their origin but remained separate at the time of accused's apprehension.

We answer the certified question in the negative, and reverse the decision of the Court of Military Review. The record of trial is returned to the Judge Advocate General for submission to the Court of Military Review for further proceedings consistent with this opinion.

Judge DUNCAN concurs.

DARDEN, Chief Judge (concurring in the result):

The three classes of substances with which we are here concerned fall into three separate categories established by Congress in the Comprehensive Drug Abuse Prevention and Control Act of 1970.[1] It is apparent, therefore, that the chemical composition, potential for abuse, and acceptance or nonacceptance for medical use are factors that distinguish the three. Possession of one is not necessarily related to possession of another.

It is also important to note that in enacting the Comprehensive Drug Abuse Prevention and Control Act, supra, Congress has manifested an attitude not of lenity but of severity toward violation of that Act, considering the nature of the social evils to which it is directed. See Gore v United States, 357 US 386, 2 L Ed 2d 1405, 78 S Ct 1280 (1958). These considerations are no less compelling when military requirements are involved.

I believe the unlawful possession of any of the substances so controlled constitutes a separately punishable offense. Therefore, I consider that the accused may have first come into pos-

[1] Public Law 91–513, Title II, Part A, § 101, 84 Stat 1236, 1242, October 27, 1970; 21 USC § 801.

session of the substances involved at different times as not being the appropriate test for multiplicity in this instance.

I concur in the action reversing the Court of Military Review.