**UNITED STATES, Appellant,**

v.

**Theon COPES, Jr., Private, U.S. Army, Appellee.**

**No. 29,761.**

U. S. Court of Military Appeals.

Oct. 3, 1975.

*Captain David J. Livingston* argued the cause for Appellee, Accused. With him on the brief were *Colonel Victor A. DeFiori, Lieutenant Colonel James Kucera, Major Richard J. Goddard,* and *Captain Ronald Lewis Gallant.*

*Captain Laurence M. Huffman* argued the cause for Appellant, United States. With him on the brief were *Lieutenant Colonel Ronald M. Holdaway, Lieutenant Colonel Donald W. Hansen,* and *Captain Gary F. Thorne.*

OPINION OF THE COURT

FERGUSON, Senior Judge:

This case is before us on certificate from the Judge Advocate General of the Army pursuant to Article 67(b)(2), Uniform Code of Military Justice, 10 U.S.C. § 867(b)(2).

The decision of the U.S. Army Court of Military Review which we are called upon to review reversed and set aside the instant special court-martial conviction of the accused for unauthorized absence in violation of Article 86, U.C.M.J., 10 U.S.C. § 886, and authorized a rehearing. This disposition was predicated upon the following advice given the accused by the military judge at the outset of the trial concerning his rights

14. *See Stoner v. California, supra.*

to counsel under Article 38(b), U.C.M.J., 10 U.S.C. § 838(b), which was found by the court below to be prejudicially erroneous:

MJ: Private Copes, have you been informed that you do have the right to be defended by a civilian lawyer, at your own expense?

ACCUSED: Yes, I have, Your Honor.

MJ: And also, are you aware of the fact, that you have the right to request, by name, any specific lawyer *from the SJA office* to act as your defense counsel?

ACCUSED: Yes, Your Honor.

MJ: And, knowing this, is it your desire to be defended, this afternoon by Captain Smith?[1]

ACCUSED: Yes, Your Honor. [Emphasis supplied.]

In *United States v. Donohew*, 18 U.S.C.M.A. 149, 152, 39 C.M.R. 149, 152 (1969), this Court unanimously mandated a prospective rule necessitating that the record of each general or special court-martial "should contain the accused's personal response to direct questions incorporating each of the elements of Article 38(b), as well as his understanding of his entitlement thereunder." This requirement, now familiarly known in the military legal community as the *Donohew* inquiry, was instituted to insure that a military accused had been advised and adequately understood the options granted him under Article 38(b) concerning representation by counsel.

■ As found by the court below, the advice here rendered the accused by the military judge was patently erroneous. Under Article 38(b), an accused's right to select individual military counsel is not limited to "any specific lawyer from the SJA office," as here so explained by the military judge, but rather it extends to any military counsel in the armed forces who is reasonably available. *United States v. Johnson*, 23 U.S.C.M.A. 148, 48 C.M.R. 764 (1974).

Despite the many cases previously coming before this Court in which we have consistently reversed for failure to comply with the *Donohew* requirements,[2] appellate Government counsel, while conceding that the on-the-record advice here given by the military judge was erroneous, now urge us to find error on the part of the Army Court of Military Review in finding the advice prejudicial to the substantial rights of the accused. Relying on the decisions of this Court in *United States v. Whitmire*, 21 U.S.C.M.A. 268, 45 C.M.R. 42 (1972) and *United States v. Turner*, 20 U.S.C.M.A. 167, 43 C.M.R. 7 (1970), the Government contends that the *Donohew* standards were substantially complied with; that the erroneous advice here rendered was only a minor deficiency inconsequential to the accused's choice of counsel; and that this is an appropriate case for application of the harmless-error rule in view of the accused's obvious awareness of his right to be represented by at least some other counsel "from the SJA office." We disagree.

Although the in-court inquiries as required by *Donohew* contained technical deficiencies in both *United States v. Whitmire, supra*, and *United States v. Turner, supra*, a majority of this Court, after noting that the record in each of those cases reflected that the accused was fully aware of his rights, found no prejudice and declined to afford relief because the very purposes sought to be achieved by the in-court *Donohew* inquiry were otherwise met and reflected by the record.

■ Here, however, we have no such assurance. From all that appears, the advice given the accused purported to limit the pool of lawyers from which individual military counsel could be selected to lawyers at "the SJA office." Although the accused acceded to representation by his appointed counsel, there is no way to determine what

---

1. Captain Smith was the accused's detailed defense counsel.

2. *E. g., United States v. Woodall*, 20 U.S.C.M.A. 454, 43 C.M.R. 294 (1971); *United States v. Wagner*, 20 U.S.C.M.A. 315, 43 C.M.R. 155 (1971); *United States v. Mosley*, 20 U.S.C.M.A. 185, 43 C.M.R. 25 (1970); *United States v. Scott*, 19 U.S.C.M.A. 383, 41 C.M.R. 383 (1970); *United States v. Fortier*, 19 U.S.C.M.A. 149, 41 C.M.R. 149 (1969).

choice he might have made had he been given proper advice as required by *Donohew*. Without such assurance of record, prejudice is apparent.

The certified question is accordingly answered in the affirmative and the decision of the U.S. Army Court of Military Review is affirmed.

Chief Judge FLETCHER and Judge COOK concur.