UNITED STATES

v.

Sergeant Christopher J. KELLER, FR 264–11–8908 Headquarters, 3d Tactical Fighter Wing Thirteenth Air Force (P.A.C.A.F.).

ACM 21984.

U. S. Air Force Court of Military Review.

Sentence Adjudged 17 Nov. 1975.

Decided 26 March 1976.

Appellate Counsel for the Accused: Colonel Jerry E. Conner and Lt. Colonel John P. Diuguid, USAFR. Appellate Counsel for the United States: Colonel Julius C. Ullerich, Jr.

Before ROBERTS, Senior Judge, and ORSER and SANDERS, JJ.

DECISION

SANDERS, Judge:

Tried by a general court-martial military judge, the accused was found guilty, pursuant to his pleas, of two offenses of wrong-

ful possession of heroin, in violation of Article 134, Uniform Code of Military Justice, 10 U.S.C. § 934. The sentence adjudged was a bad conduct discharge, confinement at hard labor for two years, forfeiture of all pay and allowances, and reduction to the grade of airman basic. In accordance with a pretrial agreement, the convening authority approved only so much of the sentence as provided for the bad conduct discharge, confinement at hard labor for 15 months, forfeiture of $240.00 per month for 15 months and the reduction.

Two issues are urged for our consideration on this appeal:

WHETHER THE TRIAL JUDGE ERRED IN DENYING A DEFENSE MOTION FOR APPROPRIATE RELIEF REQUESTING THE ACCUSED BE CHARGED UNDER ARTICLE 92, U.C.M.J., RATHER THAN ARTICLE 134, U.C.M.J.

And,

WHETHER THE TRIAL JUDGE ERRED IN DETERMINING THAT THE TWO OFFENSES CHARGED WERE NOT MULTIPLICIOUS FOR SENTENCING.

█ Although an issue similar in substance to the first assignment set out above is pending before the Court of Military Appeals (*United States v. Jackson*, Docket No. 30,812, 29 September 1975), we conclude that the Court's opinion in *United States v. Walters*, 20 U.S.C.M.A. 367, 43 C.M.R. 207 (1971) is currently dispositive of this matter. Further, the Table of Maximum Punishments (Manual for Courts-Martial, United States, 1969 (Rev.), paragraph 127c, page 25–15), specifically provides for a punishment for offenses of the type involved in this case. Cf. *United States v. Turner*, 18 U.S.C.M.A. 55, 39 C.M.R. 55 (1968). Accordingly, we hold that the military judge did not err in denying the defense motion first mentioned above.

█ We do not agree, however, with the military judge's determination that the offenses were not multiplicious for sentencing purposes. Succinctly, as a result of infor-

mation from an undisclosed source concerning the accused's involvement with heroin, an authorization was obtained to search his room. This occurred at about 1630 hours on 4 September 1975 at Clark Air Base, republic of the Philippines. The heroin set out in Specification 1 was found in the accused's locker. A drug detection dog was also on the scene of the search. The dog's handler was told to take the dog past the accused's vehicle which was parked outside the barracks. The dog, trained to detect heroin, alerted on the trunk of the accused's automobile. An authorization to search the vehicle was obtained at that time and the heroin set out in Specification 2 was found in the trunk.

Initially, the total amount of heroin found was charged in a single specification. However, the Staff Judge Advocate's pretrial advice following the Article 32, Code, supra, investigation recommended that the specification of the charge be broken-down into two separate specifications as "it would simplify the trial of this case." The advice also noted that such a change would double the maximum authorized period of confinement from 10 to 20 years.

During the inquiry into the providency of the guilty pleas and later during sworn testimony, the accused indicated that the heroin had all been in his room earlier during the afternoon of 4 September 1975, that he had taken some heroin out and put it in his locker and that the remaining larger quantity had been put in the trunk of his car. He intended to take the larger quantity "downtown" at which time the owner of the heroin was going to do "something" with it. Although he claimed the heroin belonged to someone else, he had access to whatever he wanted to use.

The two specifications in this case allege the wrongful possession of the same narcotic by the accused at the same time and place. However, the amount allegedly possessed is different in each of the specifications. While at first blush, this difference perhaps suggests distinct offenses, separately punishable, the inquiry does not stop

here. Rather, "the duplication of two or more offenses for the purpose of punishment is not determined only by reference to the specifications of the offenses; the 'facts in each case . . . [are] controlling.'" *United States v. Smith*, 1 M.J. 260, 261, decided 16 January 1976.

As we view the facts in this case, the heroin involved in the two specifications was all a part of one quantity or bulk possessed by the accused on the afternoon of 4 September 1975. Sometime that same afternoon and before the heroin was discovered by the authorities, the accused placed a small quantity of the heroin in his locker and put the remainder in the trunk of his car which was parked just outside his barracks. All the heroin was discovered within a very short time from the inception of the investigation of the accused and there were no other independent transactions involving the heroin. In our opinion, this involved but one possession of a total quantity of heroin—a single crime. Cf. *United States v. Marine*, 17 U.S.C.M.A. 460, 38 C.M.R. 258 (1968). Compare *United States v. Sierra*, 38 C.M.R. 869 (A.F.B.R.1968), pet. denied, 38 C.M.R. 441.

Further, although the record does not indicate the origin of the heroin, there is no evidence to suggest the two different amounts alleged in the specifications came from separate and/or distinct sources. In short, nothing supports a conclusion that the offenses alleged were separate in their origin or that any significant transaction occurred which transformed the single possession into separately punishable offenses. See *United States v. Meyer*, 21 U.S.C.M.A. 310, 45 C.M.R. 84 (1972); *United States v. Towns*, 22 U.S.C.M.A. 600, 48 C.M.R. 244 (1974). What occurred here did not result in distinct transactions or, for that matter, separate steps in a single transaction. *United States v. Rosen*, 9 U.S.C.M.A. 175, 25 C.M.R. 437 (1958). Rather, the facts "are so integrated as to emerge as a single event subject only to a single punishment." *United States v. Smith*, supra.

As set out above, the accused in this case entered pleas of guilty to the charge and specification. Further, his pleas were predicated upon a pretrial negotiation with the convening authority as to the maximum sentence that would be approved.

Under the dictate of *United States v. Harden*, decided 16 January 1976, 1 M.J. 258, we are compelled in these circumstances to hold the pleas to be improvident. In both *Harden* and the case sub judice, there were negotiated pleas of guilty and the parties to the trial erroneously understood the maximum punishment authorized to include confinement at hard labor for 20 years rather than 10 years. Although defense counsel in this case, unlike counsel in *Harden*, presented a motion to the military judge urging that the offenses be considered as multiplicious for sentencing purposes, the accused acknowledged in his response to questioning by the military judge that he understood the maximum confinement at hard labor was 20 years. The military judge denied the motion and stated that he considered the maximum confinement at hard labor that could be adjudged to be 20 years.

The court's finding of "substantial misunderstanding" under such strikingly similar circumstances, leaves no alternative but to conclude that here too the accused's pleas of guilty were improvident. *United States v. Harden*, supra; *United States v. Bowers*, 1 M.J. 200 (1975).

For the reasons stated, the findings of guilty and the sentence are set aside. A rehearing may be ordered.

ROBERTS, Senior Judge, and ORSER, Judge, concur.