## UNITED STATES

v.

**Airman First Class Leroy JONES, Jr., FR 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 3d Civil Engineering Squadron 15th Air Base Wing (PACAF).**

**ACM 21899 (f rev).**

U. S. Air Force Court of Military Review.

Sentence Adjudged 2 May 1975.
Decided 26 April 1976.

Before ROBERTS, ORSER and SANDERS, Appellate Military Judges.

---

## DECISION UPON FURTHER REVIEW

SANDERS, Judge:

On 7 November 1975, we affirmed the findings and sentence in this case. *United States v. Jones*, No. 21899 (A.F.C.M.R. 7 November 1975). Subsequently, upon petition for grant of review, the Court of Military Appeals granted the petition specifying the following issue:

WHETHER POSSESSION AND SALE OF MARIHUANA AND HEROIN AT THE SAME TIME AND PLACE CONSTITUTES TWO SEPARATE OFFENSES.

*United States v. Jones, Order Granting Petition for Review*, No. 31,509, 16 January 1976.

On 6 February 1976, the Court of Military Appeals further ordered:

That the decision of the Court of Military Review be vacated. The record of trial is remanded to the Court of Military Review. The Court is directed to hold further proceedings in abeyance pending this Court's disposition of the issue granted in *United States v. Mosely*, 1 M.J. 350 and *United States v. Sweisford*, 1 M.J. 350.

The Court of Military Appeals rendered its decision in the *Mosely* and *Sweisford* cases (consolidated on appeal) on 19 March 1976. *United States v. Mosely*, 1 M.J. 350 (decided 19 March 1976). The Court held that the accused could not be separately punished for simultaneous wrongful possession of amphetamines and wrongful possession of hashish alleged as violations of an Army regulation. *United States v. Hughes*, 1 M.J. 346 (1976).

Our earlier decision having been thus vacated with no disposition made of the charges, and the case returned to us for further proceedings by order of the Court of Military Appeals following their disposition of the cited cases, we now consider the case anew. Having done so, we adhere to our previous decision and affirm the findings of guilty and the sentence.

With regard to the issue framed by the Court of Military Appeals, set out above, it is our opinion that treating the marihuana offense as separate from the heroin offenses for punishment purposes was correct under the circumstances of this case. Briefly, the accused was charged with three specifications of violating a lawful general regulation by wrongfully possessing "some marihuana", by wrongfully possessing heroin, and by wrongfully selling heroin. All of the offenses occurred on 3 January 1975 at Clark Air Base, Republic of the Philippines. Following a prearranged plan, an informant went to the accused's duty section and purchased some heroin from him. Upon leaving, the informant signalled Government agents to indicate the purchase had taken place. Shortly thereafter, the Government agents arrested and searched the accused and found marihuana and heroin in his possession.

At trial, the defense moved, and the military judge so ruled, that the wrongful possession and sale of heroin offenses be considered as multiplicious for sentencing purposes. The question raised by the issue specified is whether the merged heroin offenses also merged with the marihuana offense resulting in but a single offense for punishment purposes.

In our opinion, the decisions in *United States v. Mosely* and *United States v. Sweisford*, supra, do not reach the situation in this case. In those cases, as in *United States v. Hughes*, supra, the Court held that simultaneous multiple drug *possession* offenses charged as a violation of the same lawful general regulation could not be separately punished.

In *Hughes*, the accused possessed several different types of proscribed drugs at the same time in his off-post residence. Separate specifications for each drug were brought under a charge alleging the violation of an Army regulation. The majority of the Court stated that the issue in the case narrowed to "whether a serviceman may be punished for violating a single regulation or statute more than once within a relatively brief time frame." The Court went on to say:

Since the offenses charged do not involve multiple victims, we conclude that the maximum confinement penalty for such multiple possession offenses is confinement at hard labor for two years. The accused's criminal conduct amounted to a single act which necessarily must be treated as a single criminal offense. . .

In the case sub judice, the accused possessed both marihuana and heroin. Shortly before he was arrested, he sold some of the heroin to another airman. The possession and sale of the heroin offenses were charged under separate specifications, but the military judge ruled that they merged for sentencing purposes. Thus, the maximum punishment was based upon two separate activities of the accused, possession of marihuana and possession/sale of heroin. The sale of the heroin to the informant was not connected in any way with the accused's possession of the marihuana. Hence, the facts do not support a conclusion of a single integrated transaction, subject only to a single punishment. Cf. *United States v. Smith*, 1 M.J. 260 (1976); *United States v. Meyer*, 21 U.S.C.M.A. 310, 45 C.M.R. 84 (1972).

In *United States v. Smith*, supra, the Court held that specifications alleging the attempted sale and possession (including the amount attempted to be sold) of a controlled substance were multiplicious for sentencing purposes where the offenses occurred at the same place and within a short time span. The instant case is, of course, immediately distinguishable since the possession of marihuana offense (considered as separately punishable by the court) had no relationship to the sale of heroin, a completely different event involving a distinct controlled substance. And, the accused did not face a maximum possible sentence which included separate punishment for the simultaneous possession of two different drugs (*United States v. Hughes*, supra) since the military judge ruled that the possession of heroin offense merged with the charged sale. The result was a single punishable offense involving both the possession and sale of a controlled substance.

The regulation under which the charged offenses were brought proscribes the use, possession, sale, transfer or introduction of the controlled substances involved. Air Force Regulation 30–2, Social Action Program, Chapter 4, Drug Abuse Control Program, paragraph 4–46, 1 August 1974. The tendency in military law "seems to have been to treat the crimes (sale, possession or use of a drug) as separate and equal. We believe that is the correct view. . . . " *United States v. Maginley*, 13 U.S.C.M.A. 445, 32 C.M.R. 445, 448 (1963). In our opinion, separate and equal offenses were committed in this case. Different threats are involved in possessing one type of a controlled substance and in selling another. Where an accused only possesses drugs, albeit different kinds, the conduct penalized is the unlawful possession. *United States v. Hughes*, supra. Here, there are two unrelated illegal acts, possession of one drug and sale of another, each of which is proscribed under the regulation. We conclude that what occurred in this case amounted to separate events and under the circumstances, distinct offenses, separately punishable.

For the reasons stated, the approved findings of guilty and the sentence are

AFFIRMED.

ROBERTS, Senior Judge, and ORSER, Judge, concur.