UNITED STATES, Appellee,

v.

Private First Class Leonard L. WILCOX, SSN 279–56–8381, United States Army, Appellant.

SPCM 12209.

U. S. Army Court of Military Review.

8 July 1977.

Colonel Alton H. Harvey, JAGC, Lieutenant Colonel John R. Thornock, JAGC, Captain John C. Carr, JAGC, and Captain Johnny D. Mixon, JAGC, were on the pleadings for appellant.

Captain Lee D. Schinasi, JAGC, and Captain Michael J. Hurley, JAGC, were on the pleadings for appellee.

Before JONES, Senior Judge, and FULTON and FELDER, JJ.

## OPINION OF THE COURT

PER CURIAM:

Contrary to his pleas, the appellant was convicted by a special court-martial for larceny of one Army field telephone and wrongful appropriation of an Army ¼-ton truck in violation of Article 121, Uniform Code of Military Justice (UCMJ), 10 U.S.C. § 921. The court members sentenced him to a bad-conduct discharge, forfeiture of $200.00 pay per month for three months, confinement at hard labor for three months, and reduction to the lowest enlisted grade. The convening authority approved the sentence.

■ The appellant alleges that the evidence used to prove larceny was obtained through an illegal exploratory search of his cubicle in the barracks. A "health and welfare" inspection of each company was ordered by the battalion commander because he believed that use of marijuana was increasing in the battalion, and because of a report that there was a shortage of hand tools in two of the battalion's companies. During the course of the inspection, an Army field telephone was discovered in the appellant's locker. The so-called health and welfare inspection was a search. See United States v. Lange, 15 U.S.C.M.A. 486, 35 C.M.R. 458 (1965). Its primary purpose was to ferret out drugs and missing government property; not to ascertain the status or serviceability of military equipment or clothing. Compare United States v. Lange, supra, and United States v. Goldfinch, 41 C.M.R. 500 (A.C.M.R.1969), with United States v. Grace, 19 U.S.C.M.A. 409, 42 C.M.R. 11 (1970), and United States v. Tates, 50 C.M.R. 504 (A.C.M.R.1975).

■ Decisions of the Court of Military Appeals have recognized the reasonableness of exploratory searches of entire barracks or unit areas when there was probable cause to suspect the fruits or evidence of a crime, or contraband, would be found within the area searched. See United States v. Drew, 15 U.S.C.M.A. 449, 35 C.M.R. 421 (1965); United States v. Schafer, 13 U.S.C.M.A. 83, 32 C.M.R. 83 (1962); United States v. Harman, 12 U.S.C.M.A. 180, 30 C.M.R. 180 (1961); United States v. Gebhart, 10 U.S.C.M.A. 606, 28 C.M.R. 172 (1959).[1] The Government argues that these cases apply here. There was not, however, even the reduced form of probable cause recognized in the cited cases.[2] Neither the mere belief that use of marijuana might be increasing, nor the knowledge that tool shortages in two of the battalion's several companies afforded sufficient probable cause for a search of all living quarters in the battalion. The search was unreasonable; the evidence, inadmissible.

■ The appellant's pretrial statements concerning the larceny charge were tainted by the illegal search. Consequently, they were also inadmissible. Wong Sun v. United States, 371 U.S. 471, 83 S.Ct. 407, 9 L.Ed.2d 441 (1963); United States v. Carter, 1 M.J. 318 (1976). As there is no other evidence to sustain the findings of guilty to the charge, those findings must be disapproved.

The appellant also contends that his conviction of the Additional Charge of wrongful appropriation should be reversed because his incriminating statements as to that offense were made upon defective advice concerning his right to counsel.

The military policeman who advised him of his rights to counsel erroneously stated that he could have individual military counsel of his own choice at his own expense, and also indicated that this choice of counsel extended only to those attorneys assigned to the local judge advocate office.

---

1. In United States v. Fontenette, 3 M.J. 566 (A.C.M.R.1977), we noted that these cases had not necessarily been overruled by United States v. Roberts, 25 U.S.C.M.A. 39, 54 C.M.R. 39, 2 M.J. 31 (1976), because only two judges, who were divided on the question, addressed the reasonableness of general searches.

2. Reduced probable cause also is involved in administrative inspection cases such as those cited by the dissenting judge in United States v. Roberts, 2 M.J. at 36 (Cook, J., dissenting).

The military policeman's statement that individually requested military counsel would be at the appellant's own expense was quite wrong, but was not prejudicial under the circumstances. The military policeman, in addition to giving the proper Article 31 warnings, also correctly informed the appellant that he had the right to a detailed military attorney at no expense who could be consulted prior to answering any questions and who could be present during any questioning. Consequently, the rights to counsel warnings were in substantial compliance with the requirements of *Miranda v. Arizona*, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966), and *United States v. Tempia*, 16 U.S.C.M.A. 629, 37 C.M.R. 249 (1967). *See United States v. Pearson*, 17 U.S.C.M.A. 204, 37 C.M.R. 468 (1967). Advice that restricts an accused's choice of individual military counsel to only those reasonably available at the local judge advocate office was held fatally erroneous in *United States v. Copes*, 23 U.S.C.M.A. 578, 50 C.M.R. 843, 1 M.J. 182 (1975). *Copes*, however, concerned the right to representation at trial which is governed by Article 38(b), Uniform Code of Military Justice, 10 U.S.C. § 838(b), and not with the pretrial arrest-interrogation proceedings.

The instant case involves only the preliminary stages of apprehension and interrogation. Accordingly, only the rules enunciated in *Miranda* and *Tempia* are applicable, and as these rules are predicated upon the fifth and sixth amendments to the United States Constitution, rather than Article 38(b), the appellant was not entitled to have a world wide selection of military counsel made available to him.

The remaining assignment of error has been considered and is deemed to be without merit.

Accordingly, the findings of guilty of the Charge and its specification are set aside and the charge is dismissed. The remaining findings of guilty are affirmed. Reassessing the sentence on the basis of the error noted and the entire record, the Court affirms only so much of the sentence as provides for confinement at hard labor for three months and forfeiture of $100.00 pay per month for three months.

FELDER, Judge, concurs in the result.