UNITED STATES, Appellee,

v.

Private (E–2) John J. STOUTMIRE, SSN 422–90–4296, United States Army, Appellant.

CM 436283.

U. S. Army Court of Military Review.

27 June 1978.

Colonel Robert B. Clarke, JAGC, Major Benjamin A. Sims, JAGC, Captain Demmon F. Canner, JAGC, and Captain David L. Holmes, JAGC, were on the pleadings for appellant.

Colonel Thomas H. Davis, JAGC, Lieutenant Colonel R. R. Boller, JAGC, Captain Laurence M. Huffman, JAGC, and Captain David P. Saxon, JAGC, were on the pleadings for appellee.

Before CLAUSEN, CARNE and COOK, Appellate Military Judges.

### OPINION OF THE COURT ON FURTHER REVIEW

PER CURIAM:

This case was affirmed in a Memorandum Opinion dated 12 October 1977. In his petition for a grant of review before the United States Court of Military Appeals, appellant raised two errors which were not litigated at this level. Upon motion by the Government, in which appellant joined, the Court of Military Appeals remanded the case to this Court for consideration of the two newly raised errors.

█ In his first assignment of error, appellant contends that the military judge erred by failing during the *Donohew* * inquiry to advise appellant of his right to defend himself. Appellant argues that, as *Faretta v. California*, 422 U.S. 806, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975), recognized that an accused has a constitutional right to self-representation, the military judge's ascertainment of the accused's desires as to counsel is incomplete when no advisement to that effect is made. We disagree. The purpose for the *Donohew* inquiry is "to insure that a military accused has been

* *United States v. Donohew*, 18 U.S.C.M.A. 149, 39 C.M.R. 149 (1969).

advised and adequately understood the options granted him under Article 38(b) concerning representation by counsel." *United States v. Copes*, 1 M.J. 182, 183 (C.M.A. 1975). Article 38(b) of the Uniform Code of Military Justice, 10 U.S.C. § 838(b) contains no provision for the accused to represent himself, and we decline to broaden the *Donohew* requirements to include a reference to self-representation.

In the second error now before us, appellant asserts that his pleas of guilty were improvident as they were entered pursuant to a pretrial agreement containing the following provision:

a. I agree that this agreement will be automatically cancelled if any of the following occur:

.    .    .    .    .

(3) My plea of guilty is changed to not guilty during the trial by me or on my behalf, or after trial in any rehearing directed by the convening or higher authority.

Appellant contends that this provision violates Article 63(b), Uniform Code of Military Justice (UCMJ), 10 U.S.C. § 863(b), and paragraph 81*d*(1), Manual for Courts-Martial, United States, 1969 (Revised edition), by authorizing the maximum punishment upon a rehearing to exceed the sentence which, pursuant to the pretrial agreement, the convening authority had initially approved.

■ The provision in question was apparently inserted in the pretrial agreement in response to the holding in *United States v. Lanzer*, 3 M.J. 60 (C.M.A.1977). In *Lanzer*, the Court of Military Appeals stated that where a pretrial agreement was written expressly in terms of actions to be taken by the accused before and during the original trial, the accused's compliance with those terms bound the convening authority to the agreement, even if the accused subsequently varied therefrom at a rehearing which the convening authority ordered during his initial review of the record. We find no impediment in law or public policy to an agreement by the parties which releases the convening authority from the pretrial agreement's sentence limitations if the ac-

cused does not plead guilty at such a rehearing.

■ The provision in question also applies to rehearings directed by authorities superior to the convening authority. As to the maximum punishment at such rehearings, we agree with appellant that the parties cannot alter the provisions of Article 63(b) and para. 81*d*(1) of the Manual. The instant appellant, however, will have suffered no harm from the inclusion of the challenged provision in his pretrial agreement, even should a rehearing be ordered on further review, because the maximum punishment in such a case would be limited to the sentence initially approved by the convening authority, whether or not appellant again enters pleas of guilty. We do not believe, moreover, that appellant's negotiations with the convening authority or his decision to plead guilty below were influenced by speculation as to the maximum punishment in the event of a rehearing. Finally, we note that the provision in question did not constitute extrajudicial infringement or interference with the judicial process of the type which reduced the trial to an empty ritual. *Cf., United States v. Holland*, 1 M.J. 58 (CMA 1975). Accordingly, we adhere to our earlier affirmance.

The decision of this Court in this case, dated 12 October 1977, is reaffirmed and remains in effect.

**UNITED STATES, Appellee,**