UNITED STATES, Appellee,

v.

Specialist Four Jimmy A. ALBERTSON, SSN 535–78–5174, United States Army, Appellant.

CM 442490.

U. S. Army Court of Military Review.

29 Dec. 1982.

---

Lieutenant Colonel R. Rex Brookshire, II, JAGC, Captain William T. Wilson, JAGC, and Captain Alan D. Groesbeck, JAGC, were on the pleadings for appellant.

Colonel R.R. Boller, JAGC, Lieutenant Colonel John T. Edwards, JAGC, Major Michael R. Smythers, JAGC, and Captain Charles S. Arberg, JAGC, were on the pleadings for appellee.

Before O'DONNELL, FOREMAN and WERNER, Appellate Military Judges.

## OPINION OF THE COURT

FOREMAN, Judge:

The appellant was convicted, in accordance with his pleas, of possession of marihuana on or about 6 November 1981; possession, transfer, sale and use of marihuana on or about 16 November 1981; and possession, transfer and sale of marihuana on or about 16 December 1981, all in violation of Article 134, Uniform Code of Military Justice, 10 U.S.C. § 934 (1976). He was sentenced to a dishonorable discharge, confinement at hard labor for five years, total forfeitures and reduction to the lowest enlisted grade. In accordance with a pretrial agreement, the convening authority reduced the period of confinement to three years.

On 16 November 1981, at his off-post apartment, the appellant sold one and one-half ounces of marihuana to a covert military police investigator and smoked a small quantity of marihuana in the investigator's presence. Based upon information regard-

ing that transaction provided by the military police, the civil authorities of the state of Georgia obtained a search warrant, searched the appellant's apartment and seized three ounces of marihuana, which was the remainder of the quantity from which the sale to the covert military police investigator was made and from which the quantity used by the appellant in the investigator's presence was taken.

On 11 February 1982 the appellant was convicted by the civil authorities of wrongful possession of marihuana. At the appellant's trial by court-martial on 18 March 1982 the trial defense counsel moved to dismiss the charges and specifications alleging possession, transfer, sale and use of marihuana on or about 16 November 1981, on the ground that the appellant should not be subject to prosecution by both civil and military authorities for the same offenses. The motion, couched in terms of jurisdiction, was denied.

The appellant now contends that, "as a matter of policy," his conviction by court-martial of possession, transfer, sale and use of marihuana on 16 November 1981 should be set aside. At the time of trial, paragraph 6–2 of Army Regulation 27–10, *Legal Services—Military Justice* (26 November 1968) (hereafter referred to as AR 27–10), provided that "[a] person subject to the Uniform Code of Military Justice who has been tried in a civil court *normally* will not be tried by court-martial or punished under the Uniform Code of Military Justice, Article 15, for the same act or acts over which the civil court has exercised jurisdiction." (Emphasis in original.) Paragraph 6–3 of the regulation further provided that officers exercising general court-martial jurisdiction could authorize disposition of the case by court-martial or nonjudicial punishment, notwithstanding the previous civil trial for the same acts, "upon a personal determination that authorized administrative action alone is inadequate and that punitive action is essential to maintain dis-

cipline in the command...." Subordinate commanders were required to provide the general court-martial convening authority with a "full written report" in order to enable him to make the personal determination required by the regulation.*

█ Although the appellant was tried by the civil authorities for possessing a different quantity of marihuana from that which he transferred, sold and used, all of the offenses were based upon his involvement with the same cache of marihuana. The use of the broader phrase, "same act or acts," instead of "same offense" or similar language, coupled with the requirement for a command determination that "punitive action is essential" make it clear that AR 27–10 establishes a policy against double punishment for the same transaction, regardless of the specific offenses on which prosecution or punishment is based. In this case the offense tried by the civil authorities was part of the same transaction on which the military offenses of 16 November 1981 were based. *Cf. United States v. Towns,* 22 U.S.C.M.A. 600, 48 C.M.R. 224 (1974) (sale of drugs and possession of larger quantity from which sale was made are one offense for sentencing); *accord, United States v. Keller,* 1 M.J. 829 (A.F.C.M.R. 1976). Accordingly, we hold that Chapter 6 (now Chapter 4) of AR 27–10 was applicable to this case.

█ This Court recently addressed the effect of a failure to comply with AR 27–10 in *United States v. Stallard,* 114 M.J. 933 (A.C.M.R.1982). As we noted in *Stallard,* AR 27–10 does not remove the inherent statutory authority of a general court-martial convening authority, although it does remove the authority of subordinate commanders to take punitive action without prior authorization of the general court-martial convening authority. In this case, none of the subordinate commanders mentioned the appellant's civil conviction, nor did they provide the "full written report" required by the regulation. Although the

* Subsequent to the appellant's trial, the regulation was revised. Chapter 4 of Army Regulation 27–10, *Legal Services—Military Justice* (1 September 1982), currently in effect, is substantially the same as Chapter 6 of the previous version of the regulation.

staff judge advocate mentioned the appellant's civil conviction in his pretrial advice, he did not advise the convening authority that the civil conviction arose out of the appellant's involvement with the same cache of marihuana, nor did he advise the convening authority of the requirements of AR 27–10. Accordingly, it is doubtful that the convening authority made the "personal determination" that punitive action was necessary in appellant's case, as required by AR 27–10, paragraph 6–3. However, we hold that these pretrial defects were nonjurisdictional, since AR 27–10 does not divest the general court-martial convening authority of the power to take action. *United States v. Stallard, supra.* Furthermore, they were waived by the appellant's pleas of guilty. *United States v. Hood,* 9 U.S.C. M.A. 558, 26 C.M.R. 338 (1958); *United States v. Rehorn,* 9 U.S.C.M.A. 487, 26 C.M.R. 267 (1958). Accordingly, we find the assignment of error without merit.

 The appellant also contends that the staff judge advocate erred by mentioning the appellant's civil conviction in the post-trial review. While we agree with the military judge's ruling that the civil conviction was not admissible during the sentence hearing, we do not agree with the appellant's contention that it was error to mention the civil conviction in the post-trial review. The post-trial review may properly refer to matters outside the record. Manual for Courts-Martial, United States, 1969 (Revised edition), paragraph 85*b.* It may include extra-record matters adverse to an accused so long as the accused is given an opportunity to rebut or comment on them. *United States v. Luzzi,* 18 U.S.C.M.A. 221, 39 C.M.R. 221 (1969); *United States v. Bugros,* 9 U.S.C.M.A. 276, 26 C.M.R. 56 (1958); *United States v. Fields,* 9 U.S.C.M.A. 70, 25 C.M.R. 332 (1958); *United States v. Flener,* 40 C.M.R. 696 (ACMR 1969). The review in this case was defective in that it did not inform the convening authority that the civil conviction was based on some of the same acts on which the military conviction was based. However, the error was cured when the appellant availed himself of the opportunity to comment on the civil convic-

tion, and the staff judge advocate explained the relationship between the military and civil convictions in a supplemental post-trial review prepared in response to the appellant's comments.

The fact that the civil conviction may not have been final does not affect the correctness of the post-trial review. A military conviction may be mentioned even without a showing of finality. *United States v. Watkins,* 39 C.M.R. 696, 698 (ABR), *pet. denied,* 39 C.M.R. 293 (CMA 1968). We hold that a civil conviction likewise may be mentioned in the post-trial review even in the absence of a showing of finality, provided, of course, that the appellant has an opportunity to explain or rebut it.

The findings of guilty and the sentence are affirmed.

Senior Judge O'DONNELL and Judge WERNER concur.