UNITED STATES

v.

Donald L. KILBY, 285 54 5274, Private
First Class (E–2), U. S. Marine Corps.

NCM 77 0281.

U. S. Navy Court of Military Review.

20 July 1977.

LT Paul C. Hurdle, III, JAGC, USNR, Appellate Defense Counsel, LT Lawrence W. Muschamp, JAGC, USNR, Appellate Defense Counsel.

CAPT W. D. Blalock, USMCR, Appellate Government Counsel.

Before CEDARBURG, BAUM and GREGORY, JJ.

BAUM, Judge:

Contrary to his pleas at a general court-martial bench trial, appellant was convicted of four specifications of larceny, in violation

of Article 121, UCMJ, 10 U.S.C. § 921, and one specification of unauthorized absence, in violation of Article 86, UCMJ. The sentence imposed by the military judge and approved on review below consists of reduction to E-1, forfeiture of all pay and allowances, confinement at hard labor for 10 months and a bad conduct discharge.

Appellant assigns the following errors for our consideration:

### I

TO HIS SUBSTANTIAL PREJUDICE, APPELLANT WAS DENIED THE ASSISTANCE OF INDIVIDUAL MILITARY COUNSEL.

### II

TO HIS SUBSTANTIAL PREJUDICE, APPELLANT WAS DENIED EFFECTIVE REPRESENTATION BY COUNSEL.

### III

APPELLANT WAS FORCED TO BE A WITNESS AGAINST HIMSELF IN VIOLATION OF THE FIFTH AMENDMENT BY RECEIPT INTO EVIDENCE OF A PRETRIAL STATEMENT WHICH WAS INVOLUNTARILY GIVEN AND THE PRODUCT OF AN ILLEGAL APPREHENSION, SEARCH AND SEIZURE.

### IV

TO APPELLANT'S SUBSTANTIAL PREJUDICE, EVIDENCE OBTAINED AS THE RESULT OF AN ILLEGAL SEARCH AND SEIZURE WAS RECEIVED INTO EVIDENCE.

### V

TO APPELLANT'S SUBSTANTIAL PREJUDICE, THE KEY DEFENSE WITNESS WAS NOT PRODUCED AT TRIAL.

### VI

TO APPELLANT'S SUBSTANTIAL PREJUDICE, MINOR CHARGES WERE JOINED WITH SERIOUS CHARGES.

### VII

CUMULATIVE ERROR REQUIRES REVERSAL IN THE CASE SUB JUDICE.

### I and II

By his general court-martial convening order dated 14 June 1976, the Commanding General, Force Troops/2d Force Service Support Group, Fleet Marine Force, Atlantic, Camp Lejeune, North Carolina, detailed First Lieutenant J. A. Foster, Jr. as appellant's appointed defense counsel. First Lieutenant Foster, who thereafter represented appellant at the first of two Article 32, UCMJ, pretrial investigations to be conducted incident to the case *sub judice*, continued as appellant's detailed defense counsel until 1 July 1976. On that date, an Article 39(a), UCMJ, session was called to order at the Government's urging in order to, in the military judge's words, "clarify and establish on the record in open court the situation with counsel and the matter of a trial date . . . ." (R. 3). The military judge commenced those proceedings by launching into the following exchange with appellant:

MJ: . . . Lance Corporal KILBY, you have a right to be represented here by a civilian lawyer but you would have to pay for that lawyer or somebody would have to pay for that lawyer in your behalf, and in any event, it would not be paid for by the government. Do you understand this?

ACC: Yes, sir.

MJ: Do you wish to hire the services of a civilian lawyer?

ACC: No, sir.

MJ: I can't hear you.

ACC: No, sir.

MJ: As an alternative to a civilian lawyer, you have the right to request some other military lawyer besides your appointed counsel who is Lieutenant FOSTER. And if such other military lawyer is reasonably available, he will be made available. Do you understand this?

ACC: Yes, sir.

MJ: Now, Lieutenant FOSTER is your appointed counsel. If you'll look at a copy of the convening order which you should have there, you'll see that Lieutenant FOSTER's been appointed. He is

your defense counsel insofar as the convening authority is concerned. Now, is it your desire to be represented by some other military lawyer besides Lieutenant FOSTER?

ACC: Yes, sir.

MJ: And is that lawyer Lieutenant BEEDE who is sitting on your right there?

ACC: Yes, sir.

MJ: You wish to be represented as well by Lieutenant BEEDE?

ACC: Yes, sir.

MJ: Well, let me point out to you that if you were to hire the services of a civilian lawyer . . . and if you were to request some other military lawyer, it doesn't mean that you have to give up Lieutenant FOSTER as your defense counsel. He can participate in your defense along with a civilian lawyer or along with some other military lawyer—in this case, Lieutenant BEEDE. Do you understand this?

ACC: Yes, sir.

MJ: Do you wish to be represented by both Lieutenant FOSTER and Lieutenant BEEDE? Is this what you want?

ACC: No, sir.

MJ: The answer is no?

ACC: Yes, sir.

MJ: Who is it that you wish to be defended by?

ACC: Sir, First Lieutenant BEEDE, sir.

MJ: All right; and you wish to excuse Lieutenant FOSTER?

ACC: Yes, sir. [R. 3–4].

Before setting 19 July 1976 as the trial date [1] and adjourning the 1 July 1976 Article 39(a), UCMJ, session, the military judge sought once more to verify appellant's understanding of his rights and desires with regard to counsel, *viz*:

MJ: . . . You've asked to be represented by Lieutenant BEEDE and he's been made available and he is now your individual counsel in this case. You've been advised that you can have a civilian

attorney at your expense and you say that you don't wish to have a civilian attorney. Now, are you, in your own mind, as you sit here today, going to be ready to proceed on for trial with Lieutenant BEEDE representing you?

ACC: Yes, sir.

MJ: Do you have any questions about what we've done here this morning?

ACC: No, sir. [R. 6].

By a 27 August 1976 amendment to the 14 June 1976 general court-martial convening order, Captain S. H. L. Honett was appointed to replace First Lieutenant Foster as appellant's detailed defense counsel; Captain Honett had previously been detailed to represent appellant at the second Article 32, UCMJ, pretrial investigation held in this case.

The record of trial, therefore, establishes that by the time the court-martial proceedings reconvened and appellant's trial on the merits commenced on 2 September 1976: appellant had been fully informed of his Article 38(b), UCMJ, rights to counsel in accordance with the mandate set forth in *United States v. Donohew*, 18 U.S.C.M.A. 149, 39 C.M.R. 149 (1969); he had clearly acknowledged his understanding of each of those rights as well as his options regarding them, *see United States v. Copes*, 23 U.S.C.M.A. 578, 50 C.M.R. 843, 1 M.J. 182 (1975); and, he had knowingly and voluntarily chosen to forego representation by civilian counsel, to dismiss his originally detailed defense counsel, First Lieutenant Foster, and to exercise his right to representation by individual military counsel of his own selection, First Lieutenant Beede.

Nevertheless, when appellant's court-martial was called to order with an Article 39(a), UCMJ, session on 2 September 1976, appellant informed the military judge that he no longer wished to be represented by First Lieutenant Beede or Captain Honett and that he was requesting, instead, that First Lieutenant Hopson be

1. Actually, it was not until 2 September 1976 that the trial proceedings in this case were again called to order.

detailed to defend him. In support of his request for First Lieutenant Hopson, a lawyer with whom he had never had any contact, appellant argued that he chose first Lieutenant Beede as his individual military counsel without the benefit of a proper explanation or complete understanding of the full range of options open to him under Article 38(b) of the Code and, therefore, that his acquisition of First Lieutenant Beede could not operate as a bar to his subsequent request for First Lieutenant Hopson. We find, however, that on 1 July 1976, at the Article 39(a), UCMJ, session at which appellant unhesitatingly evidenced his desire to have First Lieutenant Beede replace First Lieutenant Foster as his defense counsel, the military judge explained those options to appellant as fully as the law requires, *see United States v. Donohew, supra,* and that appellant acknowledged his understanding of them. Both at trial and on appeal to this Court, appellant has failed to furnish persuasive justification for his subsequent repudiation of that acknowledgment; we therefore conclude that appellant must continue to be held accountable for his choice of First Lieutenant Beede as individual military counsel. We find equally devoid of persuasive justification and, hence, utterly groundless appellant's attempt to support his request for First Lieutenant Hopson by citing his lack of confidence in "Force Troops lawyers in general", his loss of confidence in First Lieutenant Beede and Captain Honett, in particular, and his desire to be defended by an attorney of his own race.[2]

Having correctly treated appellant's request for First Lieutenant Hopson as a motion for a continuance to permit the submission of that request to the convening authority in accordance with paragraph 58 *b, Manual for Courts-Martial, United States, 1969* (Revised edition), *see United States v. Kinard,* 21 U.S.C.M.A. 300, 45 C.M.R. 74 (1972); *United States v. Jordan,* 46 C.M.R. 403 (A.C.M.R. 1972), *aff'd,* 22

U.S.C.M.A. 164, 46 C.M.R. 164 (1973), the military judge noted that:

> . . . This case was scheduled for the 1st of July and we had a hearing on the 1st of July. The accused requested that Lieutenant FOSTER be excused and that he have an individual counsel. That was done. The case was set for the 19th of July. Apparently, based upon what counsel indicate, the accused was not available on that date and the case was delayed. Now, we've gone through an Article 32 where no expression of dissatisfaction by the accused was presented and we come here today with an expression of dissatisfaction, with two witnesses having to go other places, and one witness brought here from out of town. Now, the court's position is that it's unjustified to delay the case further. . . . [R. 24–25].

In finally ruling on appellant's "motion for a continuance," the military judge stated:

> . . . Now, you [the appellant] have the right to excuse either one of them [First Lieutenant Beede and Captain Honett] or both of them. I would urge you not to do that. I think that you should be defended by one or both but I see no reason and will not allow that the court be delayed further in order to obtain Lieutenant HOBSON (sic). . . . [R. 34].

The military judge thereby denied appellant's "motion for a continuance"; and, given a choice between proceeding *pro se* or with one or both of the attorneys then representing him, appellant decided to retain First Lieutenant Beede and Captain Honett.

Appellant contends that the military judge abused his discretion in refusing to continue the trial beyond 2 September 1976 in order to permit appellant to formally request First Lieutenant Hopson in accordance with paragraph 58*b* of the *Manual, supra.* It is argued that this abuse of dis-

---

**2.** Neither the Constitutional nor the Article 38(b), UCMJ, right to counsel carries with it the right to have appointed an attorney of a specified race, color, sex, age, ethnic background, political affiliation, or any other characteristic having no material bearing upon professional competence.

cretion denied appellant his Article 38(b), UCMJ, right to seek the assistance of individual military counsel of his own selection. We disagree.

■ Article 40, UCMJ, provides that "[t]he military judge . . . may, for *reasonable cause,* grant a continuance to any party for such time, and as often, as may appear to be just." (Emphasis added). The grant or denial of a motion made at trial for a continuance of court-martial proceedings lies within the sound discretion of the military judge. Paragraph 58*b, Manual, supra.* Only an abuse of that discretion will mandate reversal for refusal of a *reasonable* delay. *United States v. Kinard, supra; United States v. Plummer,* 1 U.S.C. M.A. 373, 3 C.M.R. 107 (1952); *United States v. Vanderpool,* 4 U.S.C.M.A. 561, 16 C.M.R. 135 (1954); *United States v. Daniels,* 11 U.S.C.M.A. 52, 28 C.M.R. 276 (1959); *United States v. Potter,* 14 U.S.C.M.A. 118, 33 C.M.R. 330 (1963). The erroneous denial of appellant's motion must, of course, prejudice his *substantial rights. United States v. Kinard* and *United States v. Potter,* both *supra.*

■ We are satisfied that under the circumstances of this case, the military judge did not abuse his discretion in denying appellant's inartfully drawn motion for a continuance since, at the time that motion was made, appellant had already exhausted his right to the appointment of individual military counsel of his own selection; i. e., appellant no longer possessed the right which he sought to exercise by way of his "motion for a continuance." *See United States v. Watson,* No. 77 0023 (N.C.M.R. 15 April 1977). Absent that right, appellant had no "reasonable cause" to delay the proceedings on 2 September 1976. Consequently, we fail to discern any "substantial rights" which denial of appellant's motion compelled him to forego.

■ In reaching this conclusion, we have had to address a heretofore unresolved issue of fundamental significance to a proper understanding of Article 38(b), UCMJ; to wit: whether or not an accused who has been furnished with individual military counsel of his own selection thereafter necessarily retains a right to be represented by any other reasonably available military counsel he may choose. In our view, Article 38(b), UCMJ, in general must be construed as affording an accused the right to be furnished only once with a reasonably available individual military counsel of his own selection; neither the convening authority nor any other cognizant official is obligated to consider or otherwise process in accordance with paragraph 48*b* of the *Manual, supra,* any application for the detail of a person requested as individual military counsel by an accused previously granted military counsel of his own selection.[3] Indeed, the Court of Military Appeals held in *United States v. Johnson,* 23 U.S.C.M.A. 148, 150, 48 C.M.R. 764, 766 (1974) that even where a convening authority has erred in failing to fulfill his obligation under paragraph 48*b* of the *Manual, supra,* to ascertain the availability of individual military counsel requested by an accused, the minimum demands of Article 38(b), UCMJ, nevertheless have been met where the accused "has in fact been represented at trial . . . by either civilian or individual military counsel."

■ The right to military counsel of one's own selection is not an absolute right, but is subject to the exigencies and practicalities of whatever situation may obtain at the time. *United States v. Vanderpool, supra.* The right to choose counsel in the first instance may not be insisted on in such a manner as to obstruct any other important operations of the service concerned or the orderly administration of justice; hence, the Code and the *Manual* comprehend the possibility that if requested counsel is not reasonably available, an accused will be permitted to stand trial with no other military counsel but the one appointed by the convening authority, although such counsel may not be the first preference of the ac-

---

3. This holding is not to be interpreted as a prohibition against the gratuitous considera- tion, processing and granting of such applica- tions, however.

cused. *Id.* Likewise comprehended by the Code and the *Manual*, we believe, is the possibility that if, as in the case at bar, requested counsel is found to be reasonably available and assigned to represent an accused, the latter will be permitted to stand trial represented by no other individual military counsel, although the one originally selected by him may not be his first preference.

■ If competent counsel represents an accused, no Constitutional issue emerges regarding his right to such representation. *See generally, Drumgo v. Superior Court,* 8 Cal.3d 930, 106 Cal.Rptr. 631, 506 P.2d 1007 (en banc 1973), *cert. denied,* 414 U.S. 979, 94 S.Ct. 272, 38 L.Ed.2d 223 (1973); Annot., 66 A.L.R.3d 996 (1975). Correlatively, if competent individual military counsel of an accused's own selection represents that accused at trial, no Article 38(b), UCMJ, issue emerges regarding his right to be so represented.

■ In reaching this interpretation of Article 38(b), UCMJ, we recognize, of course, that extraordinary circumstances may obtain which, in the interests of justice and fairness, would necessitate affording an accused more than one opportunity to have an individual military counsel detailed to represent him. The burden, however, is upon the accused to provide a well-founded and compelling justification for concluding that circumstances exist (such as would lead to a miscarriage of justice) which require such a result. We do not believe appellant has adequately carried that burden in the case *sub judice.* On the contrary, the record vividly demonstrates that appellant was ably and vigorously represented by First Lieutenant Beede and Captain Honett and, hence, belies any claim that appellant was substantially prejudiced by the fact that they, and not First Lieutenant Hopson, served as his defense counsel. Assignments of Error I and II are, therefore, denied.

**III and IV**

■ We find that the evidence of record establishes: that appellant gave his incriminating pretrial statement to an agent of the Naval Investigative Service only after having been first properly informed of his Article 31(b), UCMJ, and *Miranda/Tempia*[4] rights and then knowingly and voluntarily waiving them; that appellant's statement was not the product of coercion engendered by either his interrogator or the circumstances obtaining at the time and place of his interrogation; and, that, since the two searches of appellant's automobile were clearly and positively shown to be the result of appellant's knowing and voluntary consent, neither the stolen items thus discovered nor appellant's statement were taken as the proximate and sole result of an illegal search and seizure. These findings serve to dissolve the factual foundation upon which Assignments of Error III and IV are predicated and, hence, render the latter devoid of merit.

**V**

■ The defense at trial requested that a civilian, one Donald Abernathy, be produced as a defense witness on an alibi theory respecting the larceny charge. The Government was unable to produce Abernathy despite, what trial defense counsel conceded to be, the exertion of "all diligence and due effort" to find him. (R. 218). The defense thereafter moved that the larceny charge be dismissed if Abernathy was not produced. The motion was denied. In view of the fact that neither the prosecution nor the defense had any idea of Abernathy's whereabouts and given the apparently exhaustive effort by the Government to locate and produce him, we find the denial of appellant's motion to be neither incorrect nor prejudicial to his substantial rights. To conclude otherwise would be to invite any accused to submit a request for a non-existent or similarly unobtainable witness and, when the Government failed to produce him, thereby require the automatic dismissal of all charges to which the alleged

4. *Miranda v. Arizona,* 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966); *United States v.*   *Tempia,* 16 U.S.C.M.A. 629, 37 C.M.R. 249 (1967).

witness' testimony was shown to be relevant and material. Neither logic nor the ends of justice nor the policy furthered by paragraph 115 of the *Manual, supra,* or cases such as *United States v. Carpenter,* 1 M.J. 384 (1976), and *United States v. Willis,* 3 M.J. 94 (C.M.A. 1977), could ever be served by an interpretation of the accused's right to the production of relevant and material witnesses which can so inexorably lead to such an anomalous result.

### VI and VII

Lastly, we find neither an erroneous joining of minor and serious offenses nor the "plethora of errors" appellant perceived to have been committed in this case and, therefore, find Assignments VI and VII to be without merit.

Accordingly, the findings and sentence, as approved on review below, are affirmed.

Chief Judge CEDARBURG and Judge GREGORY, concur.