UNITED STATES

v.

Phillip R. FURGASON, 430 13 3193, Lance Corporal (E–3), U. S. Marine Corps.

NCM 78 0302.

U. S. Navy Court of Military Review.

Sentence Adjudged 5 Oct. 1977.

Decided 26 Jan. 1979.

CAPT Joseph F. Smith, USMCR, Appellate Defense Counsel.

CAPT Craig L. Kemmerer, USMCR, Appellate Government Counsel.

Before BAUM, Senior Judge, and MICHEL and GRANGER, JJ.

MICHEL, Judge:

His pleas to the contrary notwithstanding, appellant was convicted by special court-martial officer members of possession, transfer, introduction, sale, and use of marijuana in violation of Article 92, UCMJ, 10 U.S.C. § 892, and communicating a threat

and obstructing justice in violation of Article 134, UCMJ, 10 U.S.C. § 934. The sentence extended to the maximum jurisdictional limit of the trial forum.

On this appeal, appellant's legal champion advances nine allegations of prejudicial error. Our consideration of one of these issues and our attendant conclusion effectively moot the remaining assignments of error.

The essential facts are not in dispute.

After appellant was arraigned on 16 August 1977 on the Original Charge [1] and Additional Charge I,[2] a continuance was granted by the military judge in order to afford appellant an opportunity to secure individual military counsel. Between 12 August 1977 and 30 August 1977, appellant requested three individual military counsel. The first two requested lawyers, LT A [3] and LT B,[4] were not considered to be available; appellant made no attempt to appeal these decisions to a higher authority. LT S was appellant's third requested counsel.[5] Appellant requested LT S as individual military counsel on 30 August 1977. On 2 September 1977, a message was sent from the convening authority in Hawaii to the Staff Judge Advocate, Naval Air Station, LeMoore, California, requesting that LT S be made available to defend the appellant. When no reply was received by 8 September 1977, trial counsel contacted the convening authority's legal officer for an update report on the message and requested that a second message be sent. The trial counsel again contacted the convening authority's legal officer on 12 September for another update report and learned that he had neglected to send the second message. Thereafter, on 12 September, trial counsel telephonically contacted LT S and learned that the Naval Legal Service Branch Office to which he was attached was not in receipt of the request for his services. On 13 September 1977, trial counsel ascertained from the Officer-in-Charge, Naval Legal Services Branch Office, Naval Air Station, LeMoore, California, LT S's military superior, that LT S would not be reasonably available until 24 October 1977. At trial, the prosecution acknowledged that LT S would have been available to defend the accused if the original message, dated 2 September 1977, had been received by the Naval Legal Service Branch Office, LeMoore, California. However, the original message was never received by the Staff Judge Advocate, Naval Air Station, LeMoore, California, and apparently was lost in transmission. In any event, by the time the proper authorities were made aware of the request, LT S was not available.

Another Article 39(a), 10 U.S.C. § 839(a) session convened on 15 September 1977, and

1. This charge and its four associated specifications were preferred on 28 June 1977. The charge was received by the officer exercising summary court-martial jurisdiction over the appellant on 30 June 1977 and appellant was informed of the allegations the same day. The charge was referred to trial on 12 July 1977. The charge sheet reflects that appellant was served with a copy of this charge on 9 August 1977, although trial counsel's verbalization at the initial Article 39(a) session placed the date of service on 12 July 1977.

2. This charge and its sole specification were preferred on 12 August 1977. The charge was received by the officer exercising summary court-martial jurisdiction over appellant on 12 August 1977; appellant was informed of the allegation and it was referred to trial that same day. The charge sheet reflects that appellant was served with a copy of this charge on 12 July 1977 although trial counsel's verbalization at the initial Article 39(a) session places the date of service on 9 August 1977. In view of

our disposition of the case, we do not pause to attempt to reconcile these patent impossibilities.

3. LT A was requested by appellant on 12 August 1977; the trial counsel received that request the same day.

4. LT B was requested by appellant at some unspecified time, ostensibly during the period that LT A was deemed to be unavailable (19 August 1977), and a formal request for LT B's services, forwarded to that latter officer's commanding officer, was initiated (24 August 1977). On 27 August 1977, LT B was determined to be not reasonably available to act as appellant's counsel.

5. LT S was requested as appellant's individual military counsel subsequent to the termination of the first Article 39(a) session on 16 August 1977, and, apparently, subsequent to the denial of LT B's services on 27 August 1977.

the military judge was advised of the two initial requests for individual military counsel, and the subsequent denial of availability by the respective commands. The military judge was also informed of the request for LT S and his Command's evaluation that he would not be available until 24 October 1977 to act as counsel for appellant. The military judge agreed that the requested individual counsel were indeed not reasonably available, and in particular, that LT S would not be available until 24 October. Appellant then indicated that he did not want anyone else as individual military counsel, but immediately requested a recess to discuss it with his detailed counsel. Upon returning to the courtroom, the trial defense counsel indicated that appellant desired to wait until 24 October in order to secure the services of LT S, but if forced to proceed to trial, he wanted to be represented by LT M. The defense counsel then indicated that he intended to appeal the decision of LT S's unavailability and was granted a continuance by the military judge to pursue the matter. On the following day, an Article 39(a) session was called to order at the request of the defense. Appellant then indicated that LT S was the only individual military counsel that he desired. The defense counsel went on the record for the second time requesting a continuance until 24 October in order that appellant be represented by LT S. The military judge indicated that he intended to proceed to trial without LT S in the event that the appeal of his nonavailability was upheld by superior authority.

On 28 September 1977, another Article 39(a) session convened and the military judge was advised that both the Naval Legal Service Office, San Francisco, and the Director, Naval Legal Services, Washington, D. C., had denied LT S's availability for the reasons originally cited by the Naval Legal Services Branch Office, LeMoore, California. Detailed defense counsel again moved for a continuance until 24 October 1977 so that LT S could represent appellant, inviting the military judge's attention to the fact that he would himself be engaged in the trial of other courts-martial during the entire ensuing week (2–8 October 1977) and that during the week thereafter (9–15 October 1977) both detailed defense counsel and the military judge would be required to travel to Midway Island in furtherance of their professional duties. The military judge again denied the request for a continuance and set a trial date two days hence, 30 September 1977. For some reason unexplained in the record, proceedings reconvened next on 3 October 1977 during which appellant was arraigned on Additional Charge II and its three supporting Specifications,[6] the court was assembled, and thereafter appellant was tried, convicted, and sentenced, all in LT S's absence. Appellant now alleges prejudicial error in these proceedings. We agree.

To have the assistance of counsel for his defense is the inalienable right of every person prosecuted for a criminal offense cognizable by a state or federal court of competent jurisdiction.[7] Absent physical conditions or military exigencies, this right is implicit for all accused facing trial by court-martial.[8] The right extends to representation by a military lawyer of the accused's own selection if that person is reasonably available to act on behalf of the defense.[9] Unquestionably, it is a funda-

---

6. These allegations were preferred, received, and referred to trial on 22 August 1977; appellant was informed of them that same day and served with a copy of the charge sheet the following day, 23 August 1977, one week prior to the time that he requested LT S's defense services.

7. U.S.Const. amend. VI.

8. See Article 27(b)(2), (c), UCMJ, 10 U.S.C. § 827(b)(2), (c).

9. See para. 48a, Manual for Courts-Martial, United States, 1969 (Revised edition); United States v. Fife, No. 76 1390 (N.C.M.R. 30 June 1976). An accused is not limited to the selection of a member of any particular military organization, force, or Service, see United States v. Copes, 1 M.J. 182 (C.M.A.1975), and his right to lawyer representation is generally considered somewhat broader in scope than his civilian counterpart's. See United States v. Catt, 1 M.J. 41 (C.M.A.1975).

mental right of such proportions that its abrogation or curtailment should be undertaken only with extreme caution.

■ In the case *sub judice* appellant sought, unsuccessfully, to secure the services of two defense attorneys.[10] When these individuals were determined to be unavailable to represent appellant at trial, he requested that LT S be made available to act as his individual military counsel. It is uncontroverted that LT S would be unavailable until 24 October 1977; trial defense counsel thrice moved for a continuance until that date and each time his motion was denied. These denials form the crux of appellant's present contention that, in so acting, the military judge abused his discretion.

■ It is well-settled that the issue of whether or not a continuance should be granted is a matter resting within the sound discretion of the military judge, that his ruling is a proper subject for appellate review for his abuse of that discretion, and that he remains accountable for any resulting prejudice to an accused's substantial rights. *United States v. Thomson,* 3 M.J. 271 (C.M.A.1977); *United States v. Dunks,* 1 M.J. 254 (C.M.A.1976). A trial judge should err on the side of liberalism in taking action on such a motion where there exists good cause for any ensuing delay. *See Dunks, supra* at 255 *citing United States v. Daniels,* 11 U.S.C.M.A. 52, 55, 28 C.M.R. 276, 279 (1959); *United States v. Nichols,* 2 U.S.C.M.A. 27, 36, 6 C.M.R. 27, 36 (1952). Once he has acted, our scrutiny will

be directed to those matters properly before him which bore directly on his final determination. *Cf., United States v. Quinones,* 1 M.J. 64 (C.M.A.1975).

Appellant's final motion for a continuance was denied on 28 September 1977, three months to the day after the original Charge was preferred against him. As of the date of this denial, appellant had been actively seeking the assistance of individual military counsel for approximately six weeks; from the record before us it appears that he first requested an individual military counsel within three days of the date that he was served with the first charge sheet.[11] Certainly under these circumstances it cannot be said that appellant's request came at the eleventh hour[12] and thus stemmed solely from a motive to delay trial. In essence, appellant's final request was for a twenty-six day delay. While we recognize that certainly he was not entitled to an indefinite continuance,[13] he, as all persons similarly situated, should be allowed a reasonable period of delay for the requested purpose. We would note further that appellant's request was not an open-ended one. He reiterated that he desired a delay until a date certain, one that would enable him to utilize the services of an attorney of his choice,[14] who unquestionably would be available on that date to give his undivided attention to appellant's cause. Appellant's right to such counsel is definitely not absolute, *see United States v. Seaton,* 3 M.J. 812 (N.C.M.R.1977); *United States v. Polk,* 1 M.J. 1019 (N.C.M.R.1976), but where such

---

10. *See* notes 3 and 4, *supra.*

11. This result derives from viewing the evidence in the light most favorable to the appellant. *See* notes 1 and 3, *supra.*

12. Even where such a request could not ordinarily be considered as made in a timely fashion, this Court has adopted an *ad hoc* approach wherein each case is determined on its inherent facts, *see United States v. Roberts,* No. 71 0926 (N.C.M.R. 8 February 1972) and cases cited therein, and where it is clear that the ends of justice will best be served by the granting of the motion the trial judge acts at his peril in denying it. *See United States v. Odle,* No. 71 0649 (N.C.M.R. 28 July 1971); *see also United States v. Morgan,* No. 76 0233 (N.C.M.R. 17

August 1976) and cases cited therein; *but see United States v. Mortuiccio,* No. 71 0496 (N.C. M.R. 16 July 1971).

13. *See Roberts* and *Odle,* both *supra; see also* Article 40, UCMJ, 10 U.S.C. § 840; para. 58*b, Manual, supra.*

14. While it appears that appellant might be said to have abandoned his frustrated efforts to secure the services of LT S when he made known his desire for LT M, under the circumstances presented herein we find such to be of no consequence. *Cf., United States v. Economu,* 2 M.J. 531, 533 (A.C.M.R.1976) at n.7; *United States v. Kilby, supra.*

848

counsel's availability is affirmatively established, although not as of the date of the request, it behooves the military judge to weigh carefully those factors, if any, which militate against granting the motion due to Service exigencies and military justice practicalities, and those considerations which favor implementation of an accused's right to counsel of his choice. *Cf., United States v. Kilby,* 3 M.J. 938 (N.C.M.R.1977).

We are not unmindful of a trial judge's need to clear his docket, or at least keep it pared down to reasonable proportions.[15] So, too, we recognize the Government's desire to process cases in an expeditious manner.[16] Nonetheless, it is to be remembered that it is a basic and vested right with which we presently deal. If that right is to have substance, it must be recognized and duly protected by those whose duty it is to ensure the even-handed administration of the military criminal justice system. We are asked to find that the military judge erred in not granting appellant's trial motion. For us then "the crucial question is not whether the appellate authority, or another judge, might have ruled differently, but whether in the light of all the circumstances the *ruling* made was so unfair as to constitute an abuse of discretion resulting in prejudice to the accused." *United States v. Wooley,* No. 70 3818 (N.C.M.R. 19 February 1971) *citing United States v. Massey,* 14 U.S.C.M.A. 486, 34 C.M.R. 266 (1964). We are convinced the ruling complained of amply fits this description.

Accordingly, the findings and sentence are set aside. A rehearing may be ordered.

**15.** This may have been the underlying rationale for this trial judge's remark that "It's time we got this one going." (R. 28).

**16.** While the prosecutor gratuitously indicated that the case "has been around a long time" (R. 27), and from this one might intuit that he apprehended further delay in the proceedings, such concern here, while commendable, was indeed misplaced. Appellant was not incarcerated and thus the presumption against speedy trial disposition was not an issue. *See United States v. Burton,* 21 U.S.C.M.A. 112, 44 C.M.R. 166 (1971); *United States v. Driver,* 23 U.S.C. M.A. 243, 49 C.M.R. 376 (1974). Neither on the then existing facts could it be said that the

BAUM, Senior Judge (concurring in the result):

■ I concur in the reversal of this case but for reasons more limited than those articulated in the principal opinion. I agree, generally, with the views expressed in the dissent concerning abuses in the exercise of the right to individual military counsel and the need for judges to maintain authority over such matters. However, because of the facts in this case, I am impelled to the conclusion that the military judge abused his discretion in denying the request for one more continuance.

In *United States v. Kilby,* 3 M.J. 938 (N.C.M.R.1977), this Court made it clear that an accused has the right to only one individual military counsel. That does not mean an accused has the unlimited right to keep requesting different counsel until he gets one. After denial of counsel and appeal therefrom, the military judge can and must control the trial by ordering that it proceed when it is shown that delay to permit submission of additional requests would interfere with the orderly administration of justice or obstruct military operations. As stated in *Kilby, supra* at 943:

The right to military counsel of one's own selection is not an absolute right, but is subject to the exigencies and practicalities of whatever situation may obtain at the time. . . . The right to choose counsel in the first instance may not be insisted on in such a manner as to obstruct any other important operations of the service concerned or the orderly administration of justice . . . . .

Government had not proceeded with due diligence thereby causing an intentional, purposeful, oppressive, and vexatious delay in appellant's trial. *See e. g., United States v. Tibbs,* 15 U.S.C.M.A. 350, 35 C.M.R. 322 (1965); *United States v. Williams,* 12 U.S.C.M.A. 81, 30 C.M.R. 81 (1961); *United States v. Stubbs,* 3 M.J. 630 (N.C.M.R.1977). Even, assuming *arguendo,* that any issue of speedy trial was a viable one, here the delay requested would be attributable solely to appellant. *See Driver, supra; see also United States v. Hines,* 2 M.J. 1148 (N.C.M.R. 1975); *United States v. Powell,* 2 M.J. 849 (A.C. M.R.1976).

Here, there is no evidence that further delay of approximately one month to permit the appearance of appellant's final choice as counsel would have interfered with either military operations or the orderly administration of justice. There was no indication of inconvenience to the Government such as the presence of subpoenaed witnesses or the imminent transfer of others. Moreover, there was no showing that further delay would have disrupted the processing of other cases. Judge Granger in his dissent says that: "Considering the additional specifications alleging that, while all this was going on, the accused was threatening and attempting to influence the testimony of Government witnesses, it is reasonable to assume that further delay would jeopardize the Government's right to a fair trial." I see nothing in the record to support the conclusion that this was the basis for the judge's denial of the continuance. Up to the point when the motion for a continuance to permit participation by the desired counsel was denied, the judge had granted delays for indefinite periods that ultimately totaled a month and a half. There was no indication that the Government was concerned enough to take appropriate steps during these periods to expedite matters in order to get on with the trial. In fact, if it had not been for the Government's failure to closely monitor and follow up immediately on the last counsel request, the individual counsel would have been available earlier and the trial undoubtedly completed before the issue arose. In the face of this information and without seeking to determine whether an additional continuance would adversely affect the Government, because of alleged witness intimidation or for any other reason, the judge ruled the trial should proceed. Interestingly enough, after thus ruling, the judge twice asked appellant if he had any other counsel requests to make. Presumably, the judge would have granted a continuance to pursue such additional requests, but would not delay the case to allow the appearance of counsel already chosen. In light of all these facts, I find that the judge abused his discretion in denying the final request for continuance.

As a separate matter, there is another aspect of the judge's actions that concerns me and needs to be addressed. At one point, he proceeded to question the appellant about the source of a counsel request and why appellant was pursuing it. Such information from the accused is irrelevant and outside the scope of proper judicial inquiry. A judge simply should not question an accused about his reasons for requesting a certain counsel. An unfortunate result of this inquiry was that the appellant lied when answering the judge, acknowledging it later at a session called by the defense to clear up the matter. Upon further pursuit by the judge the appellant properly refused to answer any more questions on the subject. A mistrial might very well have been the proper course at that point. None was requested so the issue was not raised, but judges would be well-advised to avoid getting into such situations with an accused. If the judge suspects abuses with respect to counsel requests, he should pursue the matter with appointed counsel, not the accused. A judge has every right to demand adherence by counsel to the Code of Professional Responsibility and take appropriate action with respect to suspected violations.

GRANGER, Judge (dissenting):

Lest we attach too much importance to appellant's right to individual military counsel, it should first be recognized that we are not here concerned with any alleged error of constitutional dimension. Appellant was represented by a qualified lawyer and thus had all the counsel he is guaranteed by the Constitution. The right to be represented by two lawyers, free of charge, in noncapital cases is practically unheard of in other criminal justice systems, and is a luxury bestowed upon military accused persons by a charitable Congress whose members almost certainly never envisioned the dimension of the problems that would be fostered by their beneficence.

As the law has developed, an accused may request any judge advocate from any place in the world, and the Government must

ascertain whether that lawyer is available to represent the accused. This procedure is subject to abuse. It enables defense counsel to delay trial proceedings with little effort, and Government evidence, in a constantly shifting military community, tends to dissipate with the passage of time. The costs involved in procuring an accused's second counsel can make his trial prohibitively expensive, leading to dismissal of the charges. Defense counsel can keep Government counsel busy processing counsel requests instead of preparing the substance of his case. Three military lawyers may devote their energies to the trial of relatively simple charges—an unreasonable and expensive concentration of legal expertise.

The defense is not the only potential beneficiary of this procedure, however. It can be a boon for the judge advocate community as a whole, providing free world-wide travel, vacations from routine duties (not only with pay but with handsome per diem reimbursements), and opportunities for old friends to be temporarily reunited.

Commanders and military judges, therefore, may be forgiven if they view individual military counsel requests with somewhat less veneration than is customarily accorded the constitutional right to counsel.

When the principal opinion states that appellant had been actively seeking the assistance of individual military counsel for approximately 6 weeks, what that means is that defense counsel had been throwing trial counsel a new name each time trial counsel completed processing an earlier individual military counsel request. When the principal opinion states that appellant was requesting a continuance of 26 days to a date certain, that does not mean that trial could commence in 26 days. It would be 26 days before the requested counsel could *begin* work on this case. How long the trial would be delayed after counsel became available is a matter of conjecture, but it does not appear from the record that appellant was anxious to go to trial. Judging from the charges, the legal issues and number of witnesses involved, the granting of appellant's request for another continuance

would have resulted in further trial delay for well over one month.

The defense had submitted four requests—one at a time—for different individual military counsel. The situs of trial was Hawaii. The first request was for counsel from Yokosuka, Japan. The second and third requests were for judge advocates stationed in California. The fourth request was for counsel from New London, Connecticut. The legal qualifications and reputation of the first three judge advocates requested are unknown, but the fourth was a Naval Justice School classmate of the designated defense counsel. This requested counsel had been a judge advocate for only 6 months and, for all appellant knew, had never tried a case. While Article 38, Uniform Code of Military Justice, permits an accused to predicate a counsel request on nothing more than whimsy, I believe the military judge could reasonably interpret these circumstances to indicate that appellant's efforts were directed toward something other than securing the best available defense representation. A further indication that appellant was not proceeding in good faith is found in the fact that he deliberately lied to the military judge concerning one counsel request and admitted that he had done so.

While this world-wide search for individual military counsel was in process, additional charges were preferred that alleged that appellant had threatened one of the Government witnesses against him and had obstructed justice by attempting to influence the testimony of two Government witnesses. (Appellant was found guilty of these three offenses.)

In reviewing the military judge's denial of appellant's request for continuance, the issue, as stated in the principal opinion, is not whether someone else might have ruled differently, but whether in the light of all the circumstances the ruling made was so unfair as to constitute an abuse of discretion resulting in prejudice to the accused. In my opinion, when appellant came back into court, withdrew his last-submitted request for individual military counsel and

renewed his motion for another continuance until the third-requested counsel became available, the military judge, considering the circumstances discussed above, was justified in deciding that enough was enough, and directing the trial to proceed. Considering the additional specifications alleging that, while all this was going on, the accused was threatening and attempting to influence the testimony of Government witnesses, it is reasonable to assume that further delay would jeopardize the Government's right to a fair trial. I would find no abuse of discretion in the denial of the motion.