UNITED STATES

v.

**Jerry L. VILLINES, 498 62 4974, Private First Class (E–2), U. S. Marine Corps.**

**NCM 78 1687.**

U. S. Navy Court of Military Review.

Sentence Adjudged 27 April 1978.

Decided 30 June 1980.

---

CAPT G. M. Potter, USMC, Appellate Defense Counsel.

LT Joseph G. Van Winkle, JAGC, USNR, Appellate Government Counsel.

Before BAUM, Senior Judge, and PRICE and MICHEL, JJ.

BAUM, Senior Judge:

Appellant has assigned the following three errors before this Court:

## I

THE MILITARY JUDGE ERRED TO THE PREJUDICE OF THE APPELLANT WHEN HE DENIED THE APPELLANT HIS RIGHT TO REQUEST AN INDIVIDUAL COUNSEL.

## II

THE MILITARY JUDGE ERRED WHEN HE DENIED THE APPELLANT'S MOTION TO DISMISS THE CHARGES ON THE GROUNDS OF FORMER JEOPARDY.

## III

THE MILITARY JUDGE ERRED TO THE PREJUDICE OF THE APPELLANT WHEN HE REFUSED TO REQUIRE A GRANT OF IMMUNITY FOR A POTENTIAL DEFENSE WITNESS.

## I

The first assignment rests on an involved set of facts. By special court-martial appointing order, the convening authority detailed a defense counsel to represent appellant in an upcoming special court-martial. Before trial commenced, appellant, in a written communication to the convening authority, requested an individual military counsel and expressly relieved the officer who had been detailed to represent him, for a perceived conflict of interest. The requested counsel was then provided by an amendment to the appointing order, which substituted him as the detailed counsel. Appellant went to trial with this counsel alone and he represented appellant throughout the proceeding until a mistrial was declared. Thereafter, the convening authority referred the case to trial again and detailed the same counsel to represent appellant. Prior to the second trial appellant submitted a request for another officer as individual military counsel. That officer's commanding general, after setting forth the specific reasons for his determination, denied the request based on counsel's unavailability. Appellant did not appeal the denial of his request. Instead, when the trial convened appellant moved for a continuance in order to discuss the matter with the officer he had requested and to decide whether to request still another counsel. The military judge denied a continuance for that purpose and trial proceeded through findings and sentence with the same counsel who represented appellant at the first trial. Appellant asserts that the judge by his ruling denied him either a detailed defense counsel as required by statute or denied him the right to request an individual military counsel, depending on how this Court categorizes defense counsel. We disagree.

If we treat the defense counsel as appellant's individual military counsel provided in accordance with paragraph 48b, *Manual for Courts-Martial, 1969 (Rev.)* (MCM), then our decision in *United States v. Kilby*, 3 M.J. 938 (N.C.M.R. 1977), is controlling with respect to requesting another individual counsel. In *Kilby* we held that once an appellant has been furnished with individual counsel of his own selection he has no right to request another individual counsel, unless he can show "extraordinary circumstances . . . which in the interest of justice and fairness, would necessitate affording an accused more than one opportunity to have an individual mili-

tary counsel detailed to represent him."[1] Here, no showing of extraordinary circumstances was made by appellant and we find none present. We do not view a mistrial and rereferral of charges to another court, in and of itself, to constitute such extraordinary circumstances as would warrant affording an accused the opportunity to choose another counsel.

Appellant argues, however, that if the counsel who represented him is considered to be his individual military attorney then appellant was not provided a detailed counsel as required by Article 27, Uniform Code of Military Justice (UCMJ), that is, an attorney who would act as associate counsel pursuant to Article 38(b), UCMJ, if so desired by the accused. With regard to this argument, it is noted that appellant never indicated at trial that he desired the convening authority to detail another attorney who presumably would serve as associate counsel. Instead, appellant made it clear that he sought another military lawyer of his own choosing to act as individual counsel, not a detailed associate counsel. In so doing he appears to have considered his first requested counsel as the detailed counsel. In any event, it is our holding that when counsel of an accused's own choosing is provided as the Article 27 detailed counsel, as in this case, then the convening authority has no obligation to provide another detailed counsel to act as associate unless the accused so requests. Here, no request of this nature was made to either the convening authority or the military judge. Accordingly, there was no error committed in this regard.

Finally, if we were to characterize counsel in this case as only a detailed counsel and not as appellant's individual military counsel, we would still find no abridgement of appellant's right to request an individual military counsel. A request for individual counsel was submitted prior to the second trial and that counsel was determined to be unavailable. Upon review of that determination, applying the standards set forth in *United States v. Quinones*, 1 M.J. 64 (C.M.A. 1975), we conclude that the finding of unavailability was properly reached. Article 38(b), UCMJ, affords an accused the right to be represented by military counsel of his own selection *if reasonably available*. Here, that requested counsel was not reasonably available. In a separate opinion in *United States v. Furgason*, 6 M.J. 844, 848 (N.C.M.R. 1979), I expressed the view that an accused does not have "the unlimited right to keep requesting different counsel until he gets one," a view which is reaffirmed here. In the instant case, appellant, over the Government's strenuous opposition, moved for a continuation, not for the purpose of processing another request for counsel or in order to appeal the denial of the request already submitted, but to discuss the denial with requested counsel and, after that, *possibly* request another counsel. We find that the judge did not abuse his discretion in denying appellant's request for further delay of the trial to discuss matters with a counsel who was not available to represent him, particularly in light of the Government's opposition to such a continuance based on logistical problems associated with providing defense witnesses to be present that day. Appellant's first assignment of error is denied.

## II

In his second assignment, appellant asks that the findings and sentence be set aside and that the charges be dismissed on grounds of former jeopardy. At the first trial appellant pled guilty to the Charge and the two specifications thereunder (Charge II and specifications 1 and 2 of the present charges) and not guilty to Additional Charges I and II (Charges I and III of the present charges). Following an inquiry into the providence of the guilty pleas the military judge accepted the pleas of guilty and entered findings of guilty to the charge and the two specifications. Subsequent to that action, but prior to introduction of evidence on the other charges, the judge, on his own initiative, declared a mistrial be-

---

1. 3 M.J. at 944.

cause of his determination that he should recuse himself for what he perceived to be a violation of the Canons of Judicial Ethics in communicating with the trial counsel in a social setting concerning a certain aspect of the case. Appellant argues that there was no manifest necessity for mistrial and that, under the circumstances where the defense did not request mistrial or contribute to the basis for such action, then retrial is precluded on grounds of former jeopardy.

In resolving the issue of whether appellant was properly tried over his objection at the second proceeding we do not reach the question of manifest necessity for the mistrial because we find that the first proceeding did not constitute a trial for purposes of former jeopardy. Parenthetically, it is also noted that while appellant did not move for mistrial at the first proceeding he did not object to such action and, in fact, appears to have fully concurred in this course by the judge.

Article 44, UCMJ, the "former jeopardy" provision of the Code, expressly provides in subsection (b) that "No proceeding in which an accused has been found guilty by court-martial upon any charge or specification is a trial in the sense of this article until the finding of guilty has become final after review of the case.has been fully completed." This provision is dispositive of the former jeopardy issue with respect to Charge II and the specifications thereunder. There was no trial for purposes of former jeopardy. *United States v. Ivory*, 9 U.S.C. M.A. 516, 26 C.M.R. 296 (1958); *United States v. Zimmerman*, 2 U.S.C.M.A. 12, 6 C.M.R. 12 (1952). With respect to Charges I and III and their specifications, no evidence was ever introduced. Accordingly, jeopardy did not attach with regard to these charges. *United States v. Wells*, 9 U.S.C.M.A. 509, 26 C.M.R. 289 (1958). The second assignment of error is, therefore, rejected.

### III

█ In his third assignment appellant contends that the judge erred when he re-

fused to require a grant of immunity for a defense requested witness. In *United States v. Martin*, No. 78 1151, 9 M.J. 731 (N.C.M.R. 1979), *on reconsideration*, 9 M.J. 746 (N.C.M.R. 1980), this Court was confronted with a similar issue, whether the convening authority abused his discretion by refusing to grant testimonial immunity to a witness called by the defense. In that case, when the witness refused to answer certain questions, the judge directed the trial counsel to present the matter to the convening authority to ascertain if he would grant testimonial immunity. The convening authority declined to grant immunity, thus prompting the abuse of discretion assignment of error. This Court found no abuse of discretion on the basis that there had been no showing that the convening authority's action was "unreasonable, arbitrary, exceeded the bounds of reason or showed an unconscionable attitude." [2]

In the instant case, appellant requested that the convening authority grant testimonial immunity to two witnesses to enable their being called as material defense witnesses. Both of these prospective witnesses had been convicted by general courts-martial of charges arising from the same acts for which appellant was being tried. The convening authority denied the request for immunity and at trial the defense requested that the military judge order testimonial immunity for the two witnesses after an offer of proof as to their expected testimony was submitted. The judge treated the defense request as a motion for appropriate relief under military practice and procedure and ruled with respect to the first witness that if he was called and invoked his privilege against self-incrimination the judge would abate the proceedings until the witness could be compelled to testify pursuant to a grant of use or testimonial immunity. The judge declined to so rule with regard to the other witness who was appealing his conviction of a substantially identical offense. The effect of these rulings was that the first witness was thereafter granted

---

**2.** *United States v. Martin*, 9 M.J. 734 (7 August 1979).

immunity by the convening authority but the other was not. Appellant argues that the judge erred in not requiring a grant of immunity for the second witness.

No Court of Military Appeals opinions on this issue have been cited by counsel nor have any been found by this Court. There are opinions on this subject from various United States Circuit Courts of Appeal, however, with the majority holding that the Government is not required to grant immunity to a defense witness. *United States v. Lenz*, 616 F.2d 960 (6th Cir. 1980); *United States v. Herman*, 589 F.2d 1191 (3d Cir. 1978); *United States v. Benveniste*, 564 F.2d 335 (9th Cir. 1977). *Cf. United States v. Beasley*, 550 F.2d 261 (5th Cir. 1977), *cert. denied*, 434 U.S. 938, 98 S.Ct. 427, 54 L.Ed.2d 297 (1977); *United States v. Smith*, 542 F.2d 711 (7th Cir. 1976); *United States v. Bautista*, 509 F.2d 675 (9th Cir. 1975), *cert. denied*, 421 U.S. 976, 95 S.Ct. 1976, 44 L.Ed.2d 467 (1975); *United States v. Jenkins*, 470 F.2d 1061 (8th Cir. 1972), *cert. denied*, 411 U.S. 920, 93 S.Ct. 1544, 36 L.Ed.2d 313 (1973); *Earl v. United States*, 361 F.2d 531 (Ct.App.D.C.1966), *cert. denied*, 388 U.S. 921, 87 S.Ct. 2121, 18 L.Ed.2d 1370 (1967). In *United States v. Lenz, supra*, the Sixth Circuit Court of Appeals held that defendants have no compulsory process right to have their witnesses immunized and also that the compulsory process clause of the Sixth Amendment to the Constitution provides no basis for a court to grant immunity. A recent case from the Third Circuit, however, has recognized at least two theories on which immunity granted by a court might be available to a defense witness. One of the theories is the same as argued in the instant case, that the witness's testimony is essential to an effective defense. The Court, however, set out narrow limits for its doctrine, requiring that, among other things, the testimony must be "clearly exculpatory" and "essential" and that there must be no "strong governmental interests" against immunity. *Virgin Islands v. Smith*, 615 F.2d 964 (3rd Cir. 1980). Here, it appears that there were strong governmental interests in not granting immunity while review of the witness's court-martial was pending. Accordingly, under any view, whether it be that the judge had no authority in this area or that he did have authority but governmental interests weighed against the grant, or by applying the abuse of discretion standards of *United States v. Martin, supra*, there was no error committed by the judge in denying appellant's motion for relief.

In light of the foregoing, and having concluded that the findings and sentence are correct in law and fact, the findings and sentence as approved below are affirmed.

Judge PRICE and Judge MICHEL concur.